# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ZONE FIVE, LLC, a Florida Corporation, and PATRICK O'BRIEN, Individually; | Case No. 1:19-cv-393 |
| ZEPHYR ENTERPRISES, LLC, a Virginia Corporation, and ROBERT BROOKS, Individually; | COMPLAINT FOR DAMAGES |
| ZEPHYR CONSULTING GROUP, LLC, a California Corporation, and DAREN YOUNG, Individually; | JURY TRIAL DEMANDED |
| WROB AERO, LLC, a Texas Corporation, and MIKE WROB, Individually; | |
| WP583 ENTERPRISES, LLC, a California Corporation, and MARK ARTNER, Individually; | |
| ROBERT WOODBERRY, Individually, and PENNY R. WOODBERRY, Individually; | |
| GREGORY M. WILLARD, Individually; | |
| WHY DRIVE, LLC, a Texas Corporation, and KEVIN BERTLING, Individually; | |
| DERRICK C. WHITE, Individually; | |
| WESTOVER TRANSPORTATION, LLC, a Pennsylvania Corporation, and DAVID ROESHOT, Individually; | |
| GREGORY D. WARD, Individually, and TAMARA D. WARD, Individually; | |
| WILLIAM W. VOSS, Individually, and JANELL VOSS, Individually; | |
| MARK VIRG, Individually, and DONNA VIRG, Individually; | |
| VIMCO AVIATION, LLC, a Texas Corporation, and JORGE VIELLEDENT, Individually; | |
| LEE D. VERRONE, Individually; | |
| TTX, LLC, a Montana Corporation, and STACY LEWIS, Individually; | |

TOMKEN, LLC, an Illinois Corporation, and TOM FIOLA, Individually;

TOCE LEASING, LLC, a Louisiana Corporation, and VICTOR TOCE, Individually;

THREE LAKES MANAGEMENT, LLC, a Wisconsin Corporation, and JAMES LEATZOW, Individually;

SYLLABUS, LLC, a California Corporation, and BETTE GARDNER, Individually;

SUN AERO AVIATION, LLC, an Arizona Corporation, and CARY MARMIS, Individually;

KIM N. STANLEY, Individually, and LINDA L. STANLEY, Individually;

DAVID A. STAMP, Individually;

ST. PATRICK RESERVES, LLC, a Missouri Corporation, and FRANK O'BRIEN, Individually;

GREGORY E. SPURLOCK, Individually;

SPRINGROCK, LLC, a California Corporation, and CARL ROSSI, Individually;

SPEEDBRAKE, LLC, a Texas Corporation, and CHRIS LAMPRECHT, Individually;

STUART P. SIMS, Individually;

ELIOT SHULMAN, Individually;

SHELDON GINGERICH MD, PC, an Arizona Corporation, and SHELDON GINGERICH, Individually;

SAQUATUCKET ADVENTURES, LLC, a Connecticut Corporation, and JAY ELLIOTT, Individually;

BIJAN SADRI, Individually;

SCOTT B. ROGERS, Individually;

DAVID ROBINSON, Individually;

RMC Holdings, Inc., a Colorado Corporation, and RANDALL CLARK, Individually, and 720 FLIGHTS, LLC, a Colorado Corporation, and GREG DENEWILER, Individually;

RECOVERY AVIATION, LLC, a Florida Corporation, and GARY SCHORR, Individually;

QUALITY PROTECTION, INC., a Missouri Corporation, and WAYNE LEWIS, Individually;

PSH LEASING, LLC, a Texas Corporation, and JORDAN NOVELLI, Individually;

PRIVATE FLIGHT, LLC, a Delaware Corporation, and ROBERT HUMMER, Individually;

PHANTOM AIR, LLC, a Nebraska Corporation, and LARRY REYNOLDS, Individually;

LARRY PETRO, Individually;

PETER V. DESANCTIS CPA PA, a Florida Corporation, and PETER DESANCTIS, Individually;

PERDIDOSOFT, LLC, a Florida Corporation, and STEVE OLENSKY, Individually;

PAPA CHARLIE, LLC, a Montana Corporation, and DALE STEWART, Individually;

NUTACAIR400, LLC, a Florida Corporation, and LAURENCE BRENNER, Individually;

NORTON AVIATION, LLC, a Florida Corporation, and THOMAS NORTON, Individually;

N2528T, LLC, a Georgia Corporation, and STEVE RATCHFORD, Individually;

N1235L, LLC, a Florida Corporation, and JT BURNETTE, Individually;

MMAD WORX, LLC, a California Corporation, and DANNY MITCHELL, Individually;

STEVEN D. MILLER, Individually, and KASSANDRA M. MILLER, Individually;

LEWIS W. MILLER, Individually;

MILLER AVIATION, LLC, an Arizona Corporation, and TIMOTHY MILLER, Individually;

MIGUEL PROPERTIES, INC., a Texas Corporation, and MIKE DEARING, Individually;

MEGSAR AIR, LLC, a Delaware Corporation, and MARK LANDRY, Individually;

IAN D. MEAD, Individually;

MDTS CORP., a Minnesota Corporation, and KENT VILENDRER, Individually;

FRANK C. MCDOWELL, Individually;

MCCOWAN HOLDINGS, LLC, a Kentucky Corporation, and SALLY BUELL MCCOWEN, Individually;

STEVEN MCCORMICK, Individually;

KEVIN MCCORMICK, Individually;

WAYNE R. MAYNARD, Individually;

BRETT MATHIESON, Individually;

MASTERS IN FLIGHT, LLC, a Washington Corporation, and STEVE MASTERS, Individually, and KENNETH FRANKEL, Individually;

DOMENIC M. MARTINELLO, MD, Individually;

MANGO TANGO AIR, LLC, a Florida Corporation, and ROBERTO MAAL, Individually;

MAGCO, INC., a Texas Corporation, and FRASER PAJAK, Individually;

MACH PLUS, LLC, a South Carolina Corporation, and BERNARD LEE JONES, MD, Individually;

LPT LEASING, LLC, a Texas Corporation, and WILLIAM TAYLOR, Individually;

LOKI OPERATIONS, LLC, a California Corporation, and BOGDAN COCOSEL, Individually;

GENE H LAMOREAUX, TRUSTEE OF LAMOREAUX FAMILY TRUST, and GRETCHEN M. LAMOREAUX, TRUSTEE OF LAMOREAUX FAMILY TRUST, GENE H. LAMOREAUX, Individually, and GRETCHEN M. LAMOREAUX, Individually;

LA DAVIS, LLC, a Texas Corporation, and LOU ANN DAVIS, Individually;

DOUGLAS P. KURZ, Individually;

JEFFREY ALLEN KLINGELHOFER, Individually;

KIRSH & KIRSH, PC, an Indiana Corporation, and STEVE KIRSH, Individually;

KELTONWOOD, LLC, a Texas Corporation, and MARK MILLER, Individually;

JOPPA AVIATION, LLC, a Virginia Corporation, and KAY CROSS, Individually;

JOHN F. WARREN & ASSOC., PA, a North Carolina Corporation, and JOHN WARREN, Individually;

JBM LEGACY, LLC, a Texas Corporation, and JOLYNN JOHNSTON, Individually;

JOHN M. HUFT, Individually, and TERESA ANN HUFT, Individually;

CHARLES C. HOOVER, JR., Individually;

HOLISTIC DENTISTRY AVIATION PROJECT, LLC, a Pennsylvania Corporation, and JERALD SHAPIRO, Individually;

PATRICK HAYE, Individually, and NAOMI HAYE, Individually;

HAWKER AVIATION, LLC, a Delaware Corporation, and DANA DUNKELBERGER, Individually;

HAROLD HART & ASSOCIATES, INC., a Florida Corporation, and CRAIG KALHOEFER, Individually;

JOEL HACKNEY, Individually;

CRAIG GROFF, Individually;

GREY TAIL, LTD, a Colorado Corporation, and MARK MULLER, Individually;

GREGORY PERNOUD DDS, PC, a Missouri Corporation, and GREGORY PERNOUD, Individually;

SCOTT GRATSINGER, Individually, and REBECCA GRATSINGER, Individually;

GOLF LINKS, INC., a Tennessee Corporation, and JERRY LEMONS, Individually;

STEPHEN L. GODWIN, Individually, and DIANE ELIZABETH WOJCIK GODWIN, Individually;

FREE BIRD AVIATION, LLC, an Alaska Corporation, and DAVID WHITE, Individually;

FOCUS SOLUTIONS, INC., an Iowa Corporation, and LARRY ELINGS, Individually;

FLYING SIX CORP., a Texas Corporation, and TERRY MAXEY, Individually;

FLYING PENGUIN, LLC, a Michigan Corporation, and TIM VAN EVERY, Individually;

FLYGA, LLC, a Washington Corporation, and RANDY COOPER, Individually;

KENNETH A. FLOYD, Individually;

FIELDS TO FLIGHT, LLC, a California Corporation, and ROD MICKELS, Individually;

FARR AVIATION, LLC, a Tennessee Corporation, and SKIP FARR, Individually;

GEORGE FARINA, Individually, and VICKI B. FARINA, Individually;

EINSTEIN, INC., a Utah Corporation, and GUST KALATZES, Individually;

DREAM RESOURCES, LLC, a Texas Corporation, and ROBERT SATTERWHITE, Individually;

HARRY DRAJPUCH, Individually;

DOUBLE RAINBOW AVIATION, LLC, a Nevada Corporation, and ROBERT LANGER, Individually;

DOUBLE D's, LLC, an Ohio Corporation, and DAVE DAUGHERTY, Individually;

DISPLAYCRAFT, INC., a Connecticut Corporation, and RICHARD SEIGARS, Individually;

DIAMOND J. AVIATION, LLC, a North Carolina Corporation, and JIM TORREY, Individually;

DD AIR, LLC, a Pennsylvania Corporation, and DALE C. ADAMS, Individually;

DCO AIR LEASING, LLC, a Delaware Corporation, and BRANDON DURBIN, Individually;

DARRUS AVIATION, INC., an Arkansas Corporation, and MIKE NEAL, Individually;

COOK PROCESS SERVICE, LLC, a Colorado Corporation, and STEVEN L. COOK, Individually;

COCHRAN PROPERTIES, LLC, an Alabama Corporation, and TONY COCHRAN, Individually;

CHARLES G. CLARK, Individually;

JOHN ERWIN CHRISTIE, Individually;

CHIRO CONSULTING, LLC, a Delaware Corporation, and TJ POELKING, Individually;

CESSNA 400, LLC, a Virginia Corporation, and PAUL SCHAAF, Individually;

GLEN CERESA, Individually, and HARRY FOX, Individually;

CARAVELLA AIR, INC., a Connecticut Corporation, and GARY CARAVELLA, Individually;

CAPTAIN JB, LLC, an Ohio Corporation, and JEREMY BERMAN, Individually;

BTICG LEASING, INC., a Texas Corporation, and BROOKS TERRELL, Individually;

BRAVO XRAY, LLC, a Florida Corporation, and DAVE BAUERLE, Individually;

BOONE VALLEY IMPLEMENTS, INC., an Iowa Corporation, and RON SIEMENS, Individually;

JAMES R. BOLCH, Individually;

BLUEVENTURE, LLC, a North Carolina Corporation, and GARRETT HAYDEN HALE, Individually;

BLAZE AVIATION, INC., an Arkansas Corporation, and HENRY BURCH, Individually;

LARRY J. BIERWIRTH, Individually;

BHC4, LLC, a Texas Corporation, and BYRON H. CHRISTIE, Individually;

DOUGLAS A. BERNARD, Individually, and REBECCA BERNARD, Individually;

LAURENCE BARRAS, Individually;

BARLEY AVIATION, LLC, an Ohio Corporation, and THOMAS HUSTED, Individually;

B&S HOLDINGS, LLC, a Georgia Corporation, and ROBERT HARKRIDER, Individually;

ASPEN FLYER, LLC, a Colorado Corporation, and FRANK CANTRELL, Individually;

APOLLO PC, LLC, a Florida Corporation, and JAMES TALKINGTON, MD, Individually;

BARRY CURTIS ANDERSON, Individually;

ROBERT L. AMBLER, Individually;

BENJAMIN THOMAS AKERS, JR., TRUSTEE OF THE AKERS TRUST FUND, and LORA JEAN AKERS, TRUSTEE OF THE AKERS TRUST FUND, and BENJAMIN THOMAS AKERS, JR., Individually, and LORA JEAN AKERS, Individually;

AIR FRED, LLC, a Delaware Corporation, and JOHN STENGER, Individually;

AIG AVIATION, LLC, a Florida Corporation, and ARMANDO GONZALEZ, Individually;

AGINTY, INC., an Ontario, Canada Corporation, and PERRY KELLY, Individually;

AEROVENTURE, LLC, a Delaware Corporation, and RONNIE GUTERMAN, Individually;

AERO EAGLE ONE, LLC, a Texas Corporation, and MARK MOSIER, Individually; and

107 SUCCESS, LLC, a Virginia Corporation, and KEVIN KENDALL, Individually;

Non-Residents of the State of Rhode Island,

*Plaintiffs*,

<table>
<tr><td>

v.

TEXTRON, INC., a Rhode Island Corporation;
TEXTRON AVIATION, INC., a Kansas
Corporation,
f/k/a CESSNA AIRCRAFT COMPANY, a
Kansas Corporation;

   *Defendants*.

</td><td></td></tr>
</table>

## COMPLAINT

Plaintiffs ZONE FIVE, LLC, a Florida Corporation, and PATRICK O'BRIEN, Individually;

ZEPHYR ENTERPRISES, LLC, a Virginia Corporation, and ROBERT BROOKS, Individually;

ZEPHYR CONSULTING GROUP, LLC, a California Corporation, and DAREN YOUNG,

Individually; WROB AERO, LLC, a Texas Corporation, and MIKE WROB, Individually; WP583

ENTERPRISES, LLC, a California Corporation, and MARK ARTNER, Individually; ROBERT

WOODBERRY, Individually, and PENNY R. WOODBERRY, Individually; GREGORY M.

WILLARD, Individually; WHY DRIVE, LLC, a Texas Corporation, and KEVIN BERTLING,

Individually; DERRICK C. WHITE, Individually; WESTOVER TRANSPORTATION, LLC, a

Pennsylvania Corporation, and DAVID ROESHOT, Individually; GREGORY D. WARD,

Individually, and TAMARA D. WARD, Individually; WILLIAM W. VOSS, Individually, and

JANELL VOSS, Individually; MARK VIRG, Individually, and DONNA VIRG, Individually;

VIMCO AVIATION, LLC, a Texas Corporation, and JORGE VIELLEDENT, Individually; LEE

D. VERRONE, Individually; TTX, LLC, a Montana Corporation, and STACY LEWIS,

Individually; TOMKEN, LLC, an Illinois Corporation, and TOM FIOLA, Individually; TOCE

LEASING, LLC, a Louisiana Corporation, and VICTOR TOCE, Individually; THREE LAKES

MANAGEMENT, LLC, a Wisconsin Corporation, and JAMES LEATZOW, Individually;

SYLLABUS, LLC, a California Corporation, and BETTE GARDNER, Individually; SUN AERO AVIATION, LLC, an Arizona Corporation, and CARY MARMIS, Individually; KIM N. STANLEY, Individually, and LINDA L. STANLEY, Individually; DAVID A. STAMP, Individually; ST. PATRICK RESERVES, LLC, a Missouri Corporation, and FRANK O'BRIEN, Individually; GREGORY E. SPURLOCK, Individually; SPRINGROCK, LLC, a California Corporation, and CARL ROSSI, Individually; SPEEDBRAKE, LLC, a Texas Corporation, and CHRIS LAMPRECHT, Individually; STUART P. SIMS, Individually; ELIOT SHULMAN, Individually; SHELDON GINGERICH MD, PC, an Arizona Corporation, and SHELDON GINGERICH, Individually; SAQUATUCKET ADVENTURES, LLC, a Connecticut Corporation, and JAY ELLIOTT, Individually; BIJAN SADRI, Individually; SCOTT B. ROGERS, Individually; DAVID ROBINSON, Individually; RMC Holdings, Inc., a Colorado Corporation, and RANDALL CLARK, Individually, and 720 FLIGHTS, LLC, a Colorado Corporation, and GREG DENEWILER, Individually; RECOVERY AVIATION, LLC, a Florida Corporation and GARY SCHORR, Individually; QUALITY PROTECTION, INC., a Missouri Corporation, and WAYNE LEWIS, Individually; PSH LEASING, LLC, a Texas Corporation, and JORDAN NOVELLI, Individually; PRIVATE FLIGHT, LLC, a Delaware Corporation, and ROBERT HUMMER, Individually; PHANTOM AIR, LLC, a Nebraska Corporation, and LARRY REYNOLDS, Individually; LARRY PETRO, Individually; PETER V. DESANCTIS CPA PA, a Florida Corporation, and PETER DESANCTIS, Individually; PERDIDOSOFT, LLC, a Florida Corporation, and STEVE OLENSKY, Individually; PAPA CHARLIE, LLC, a Montana Corporation, and DALE STEWART, Individually; NUTACAIR400, LLC, a Florida Corporation, and LAURENCE BRENNER, Individually; NORTON AVIATION, LLC, a Florida Corporation, and THOMAS NORTON, Individually; N2528T, LLC, a Georgia Corporation, and STEVE RATCHFORD, Individually; N1235L, LLC, a Florida Corporation, and JT BURNETTE,

Individually; MMAD WORX, LLC, a California Corporation, and DANNY MITCHELL, Individually; STEVEN D. MILLER, Individually, and KASSANDRA M. MILLER, Individually; LEWIS W. MILLER, Individually; MILLER AVIATION, LLC, an Arizona Corporation, and TIMOTHY MILLER, Individually; MIGUEL PROPERTIES, INC., a Texas Corporation, and MIKE DEARING, Individually; MEGSAR AIR, LLC, a Delaware Corporation, and MARK LANDRY, Individually; IAN D. MEAD, Individually; MDTS CORP., a Minnesota Corporation, and KENT VILENDRER, Individually; FRANK C. MCDOWELL, Individually; MCCOWAN HOLDINGS, LLC, a Kentucky Corporation, and SALLY BUELL MCCOWEN, Individually; STEVEN MCCORMICK, Individually; KEVIN MCCORMICK, Individually; WAYNE R. MAYNARD, Individually; BRETT MATHIESON, Individually; MASTERS IN FLIGHT, LLC, a Washington Corporation, and STEVE MASTERS, Individually, and KENNETH FRANKEL, Individually; DOMENIC M. MARTINELLO, MD, Individually; MANGO TANGO AIR, LLC, a Florida Corporation, and ROBERTO MAAL, Individually; MAGCO, INC., a Texas Corporation, and FRASER PAJAK, Individually; MACH PLUS, LLC, a South Carolina Corporation, and BERNARD LEE JONES, MD, Individually; LPT LEASING, LLC, a Texas Corporation, and WILLIAM TAYLOR, Individually; LOKI OPERATIONS, LLC, a California Corporation, and BOGDAN COCOSEL, Individually; GENE H LAMOREAUX, TRUSTEE OF LAMOREAUX FAMILY TRUST, and GRETCHEN M. LAMOREAUX, TRUSTEE OF LAMOREAUX FAMILY TRUST, GeNE H. LAMOREAUX, Individually, and GRETCHEN M. LAMOREAUX, Individually; LA DAVIS, LLC, a Texas Corporation, and LOU ANN DAVIS, Individually; DOUGLAS P. KURZ, Individually; JEFFREY ALLEN KLINGELHOFER, Individually;  KIRSH & KIRSH, PC, an Indiana Corporation, and STEVE KIRSH, Individually; KELTONWOOD, LLC, a Texas Corporation, and MARK MILLER, Individually; JOPPA AVIATION, LLC, a Virginia Corporation, and KAY CROSS, Individually; JOHN F. WARREN & ASSOC., PA, a

North Carolina Corporation, and JOHN WARREN, Individually; JBM LEGACY, LLC, a Texas Corporation, and JOLYNN JOHNSTON, Individually; JOHN M. HUFT, Individually, and TERESA ANN HUFT, Individually; CHARLES C. HOOVER, JR., Individually; HOLISTIC DENTISTRY AVIATION PROJECT, LLC, a Pennsylvania Corporation, and JERALD SHAPIRO, Individually; PATRICK HAYE, Individually, and NAOMI HAYE, Individually; HAWKER AVIATION, LLC, a Delaware Corporation, and DANA DUNKELBERGER, Individually; HAROLD HART & ASSOCIATES, INC., a Florida Corporation, and CRAIG KALHOEFER, Individually; JOEL HACKNEY, Individually; CRAIG GROFF, Individually; GREY TAIL, LTD, a Colorado Corporation, and MARK MULLER, Individually; GREGORY PERNOUD DDS, PC, a Missouri Corporation, and GREGORY PERNOUD, Individually; SCOTT GRATSINGER, Individually, and REBECCA GRATSINGER, Individually; GOLF LINKS, INC., a Tennessee Corporation, and JERRY LEMONS, Individually; STEPHEN L. GODWIN, Individually, and DIANE ELIZABETH WOJCIK GODWIN, Individually; FREE BIRD AVIATION, LLC, an Alaska Corporation, and DAVID WHITE, Individually; FOCUS SOLUTIONS, INC., an Iowa Corporation, and LARRY ELINGS, Individually; FLYING SIX CORP., a Texas Corporation, and TERRY MAXEY, Individually; FLYING PENGUIN, LLC, a Michigan Corporation, and TIM VAN EVERY, Individually; FLYGA, LLC, a Washington Corporation, and RANDY COOPER, Individually; KENNETH A. FLOYD, Individually; FIELDS TO FLIGHT, LLC, a California Corporation, and ROD MICKELS, Individually; FARR AVIATION, LLC, a Tennessee Corporation, and SKIP FARR, Individually; GEORGE FARINA, Individually, and VICKI B. FARINA, Individually; EINSTEIN, INC., a Utah Corporation, and GUST KALATZES, Individually; DREAM RESOURCES, LLC, a Texas Corporation, and ROBERT SATTERWHITE, Individually; HARRY DRAJPUCH, Individually; DOUBLE RAINBOW AVIATION, LLC, a Nevada Corporation, and ROBERT LANGER, Individually;

DOUBLE D's, LLC, an Ohio Corporation, and DAVE DAUGHERTY, Individually;
DISPLAYCRAFT, INC., a Connecticut Corporation, and RICHARD SEIGARS, Individually;
DIAMOND J. AVIATION, LLC, a North Carolina Corporation, and JIM TORREY, Individually;
DD AIR, LLC, a Pennsylvania Corporation, and DALE C. ADAMS, Individually; DCO AIR
LEASING, LLC, a Delaware Corporation, and BRANDON DURBIN, Individually; DARRUS
AVIATION, INC., an Arkansas Corporation, and MIKE NEAL, Individually; COOK PROCESS
SERVICE, LLC, a Colorado Corporation, and STEVEN L. COOK, Individually; COCHRAN
PROPERTIES, LLC, an Alabama Corporation, and TONY COCHRAN, Individually; CHARLES
G. CLARK, Individually; JOHN ERWIN CHRISTIE, Individually; CHIRO CONSULTING,
LLC, a Delaware Corporation, and TJ POELKING, Individually; CESSNA 400, LLC, a Virginia
Corporation, and PAUL SCHAAF, Individually; GLEN CERESA, Individually, and HARRY
FOX, Individually; CARAVELLA AIR, INC., a Connecticut Corporation, and GARY
CARAVELLA, Individually; CAPTAIN JB, LLC, an Ohio Corporation, and JEREMY
BERMAN, Individually; BTICG LEASING, INC., a Texas Corporation, and BROOKS
TERRELL, Individually; BRAVO XRAY, LLC, a Florida Corporation, and DAVE BAUERLE,
Individually; BOONE VALLEY IMPLEMENTS, INC., an Iowa Corporation, and RON
SIEMENS, Individually; JAMES R. BOLCH, Individually; BLUEVENTURE, LLC, a North
Carolina Corporation, and GARRETT HAYDEN HALE, Individually; BLAZE AVIATION,
INC., an Arkansas Corporation, and HENRY BURCH, Individually; LARRY J. BIERWIRTH,
Individually; BHC4, LLC, a Texas Corporation, and BYRON H. CHRISTIE, Individually;
DOUGLAS A. BERNARD, Individually, and REBECCA BERNARD, Individually; LAURENCE
BARRAS, Individually; BARLEY AVIATION, LLC, an Ohio Corporation, and THOMAS
HUSTED, Individually; B&S HOLDINGS, LLC, a Georgia Corporation, and ROBERT
HARKRIDER, Individually; ASPEN FLYER, LLC, a Colorado Corporation, and FRANK

CANTRELL, Individually; APOLLO PC, LLC, a Florida Corporation, and JAMES TALKINGTON, MD, Individually; BARRY CURTIS ANDERSON, Individually; ROBERT L. AMBLER, Individually; BENJAMIN THOMAS AKERS, JR., TRUSTEE OF THE AKERS TRUST FUND, and LORA JEAN AKERS, TRUSTEE OF THE AKERS TRUST FUND, and BENJAMIN THOMAS AKERS, JR., Individually, and LORA JEAN AKERS, Individually; AIR FRED, LLC, a Delaware Corporation, and JOHN STENGER, Individually; AIG AVIATION, LLC, a Florida Corporation, and ARMANDO GONZALEZ, Individually; AGINTY, INC., an Ontario, Canada Corporation, and PERRY KELLY, Individually; AEROVENTURE, LLC, a Delaware Corporation, and RONNIE GUTERMAN, Individually; AERO EAGLE ONE, LLC, a Texas Corporation, and MARK MOSIER, Individually; and 107 SUCCESS, LLC, a Virginia Corporation, and KEVIN KENDALL, Individually, through their undersigned counsel allege that:

## Introduction

1.      Plaintiffs are all owners of  aircraft designed and manufactured by the Defendants. The aircraft are a low wing monoplane designed of composite construction, and powered by a reciprocating engine (both normally aspirated and turbo-charged).[1] When the first aircraft was introduced, originally by Columbia Aircraft, it was considered one of the first "new design" aircraft since the 1950's.  The most current iteration of the aircraft is the Cessna TTx, which was originally designated in 2004 as the Columbia 300.  Columbia Aircraft Manufacturing Aircraft Corporation ("Columbia Manufacturing") also built and sold the Columbia 350 and Columbia 400 before the company dissolved and ultimately filed a Chapter 11 petition in bankruptcy.  Defendant Cessna Aircraft Corp. (now Textron Aviation, Inc., a subsidiary of Texron, Inc.) purchased the

---

[1] The term "reciprocating engine" is used here to describe a piston engine, aircooled, specifically designed to be operated in an aircraft.  A reciprocating engine may be "turbo-charged" which designates the addition of an engine driven "supercharger" that increases the engine's performance and allows the aircraft to operate efficiently at higher altitudes.

assets, design and Type Certificate A00003SE[2] for the aircraft in 2007 from Columbia Manufacturing. Following the purchase of the Type Certificate from Columbia Manufacturing, Cessna initially produced the Columbia 350 and Columbia 400, then focused on the turbocharged model only. Cessna changed the name of the aircraft to the Cessna 400, then to the Corvalis TT before Cessna settled on the name Cessna TTx in 2011.  As used in this Complaint, the terms "Aircraft" or "Cessna TTx," shall include all iterations of the following aircraft models, which share nearly identical airframes and are manufactured under the same Type Certificate: LC40-550FG, LC41-550FG, LC42-550FG, also known as the Columbia 300, 350, 400; the Cessna 400 TT Corvalis; and the Cessna TTx Model T240.

2.      All of the Aircraft were designed and manufactured with a latent defect causing the windows and/or windscreen and adjacent Aircraft skin to crack.  The crack defects create serious safety of flight issues that, if not corrected, can cause catastrophic failure of the airframe, injury and death of occupants.  Despite repeated promises and statements that the defects would be corrected and repaired, Defendants have failed to correct the defect.  Thus, the Aircraft continue to be plagued by the defects causing Plaintiffs to incur exorbitant costs in repair efforts and/or loss of use of the Aircraft due to grounding of the Aircraft for safety reasons.

3.      The allegations contained in this Complaint are based on continuous occurrences and documented communications between the Defendants and Plaintiffs.

---

[2] A "Type Certificate" is a term of art under the Federal Aviation Regulations, and describes the regulatory scheme for the approval of the airworthiness of a specific design and manufacturing process. It denotes approval, by the Federal Aviation Administration ("FAA") for the design and/ or manufacture.  It is held by the originating designer/manufacturer, or it may be sold or transferred.  The responsibility for the "continued airworthiness" is attached by statute to the owner of the Type Certificate.  The regulatory scheme falls, generally, within the Type Certificate Data Sheet repository and is explained through FAA Order 8110.121.

4.     The acts by Defendants and, the continuing and focused efforts of Defendants to induce Plaintiffs to continually wait for a non-existant repair are made more egregious by the nature of the special relationship of a designer/manufacturer of aviation products.

5.     Nowhere is a consumer more at the mercy of the manufacturer and/or designer than in the aviation industry.  No consumer has the means, skills, or time to investigate, deconstruct, or attempt to find a fix for a defect created by a manufacturer, designer, assembler, and holder of a Type Certificate.

6.     A consumer purchaser of aircraft is at the mercy of the owner of the Type Certificate for all aspects of the aircraft, obvious or hidden.

7.     Here, the Defendants are in the exclusive possession of information regarding global problems with a design, with systemic and repeated failures of a component, or with dangerous and or accelerating trends within a model or type design.  In fact, the owner of a Type Certificate, like the Defendants here, are tasked by the Federal Aviation Administration (the "FAA") through its Federal Aviation Regulations with documenting such events and educating consumers for the purpose of preserving life, both in the air and on the ground.

8.     It is this unique responsibility that has been vested with the aircraft manufacturing industry.  Even a minor defect or failure at 25,000 feet  can have catastrophic consequences not only to the Airplane and its occupants, but also property and people on the ground.

9.     Defendants have hidden behind false assurances that the defects complained of are "cosmetic" in nature, to buy time and prevent the regulatory authorities from examining the true nature of the Aircraft's defective design and manufacturing process. As a result, a dangerously defective product has remained on the market and many of the Aircraft are still flying. Defendants ongoing failure and/or refusal to correct the defect, and their ongoing misrepresentations to Plaintiffs and other consumers that the cracking is simply cosmetic, creates a heightened risk that

one or more of the Aircraft will crash, killing or severely injuring the occupants and possibly persons on the grounds. This lawsuit seeks to insure that the Defendants correct the defect and compensate Plaintiffs for the damages that they have suffered.

### Jurisdiction and Venue

10.     Jurisdiction is proper in this Court in accordance with 28 U.S. Code § 1332, *et seq.* in that Plaintiffs and each of them are residents of states other than the residence of any of the Defendants and the amount in controversy as to each Plaintiff is $75,000 or more.

11.     Venue is proper in this judicial district in accordance with 28 U.S. Code § 1391, *et seq.* in that Defendant Textron, Inc., resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### Parties

12.     Plaintiff ZONE FIVE, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N774BW) (manufactured by the Defendants). The Managing Member of the Zone Five, LLC, is Patrick O'Brien, who resides and is a citizen of Florida.

13.     Plaintiff PATRICK O'BRIEN is a citizen of the State of Florida.

14.     Plaintiff ZEPHYR ENTERPRISES, LLC, is a Virginia Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N1024Z) (manufactured by the Defendants). The Managing Member of Zephyr Enterprises, LLC, is Robert Brooks, who resides and is a citizen of Virginia.

15.     Plaintiff ROBERT BROOKS is a citizen of the State of Virginia.

16.     Plaintiff ZEPHYR CONSULTING GROUP, LLC, is a California Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No.

N1285V) (manufactured by the Defendants).  The Managing Member of the Zephyr Consulting Group, LLC, is Daren Young, who resides and is a citizen of California.

17.     Plaintiff DAREN YOUNG is a citizen of the State of California.

18.     Plaintiff WROB AERO, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N1159Q) (manufactured by the Defendants).  The Managing Member of the Wrob Aero, LLC, is Mike Wrob, who resides and is a citizen of Texas.

19.     Plaintiff MIKE WROB is a citizen of the State of Texas.

20.     Plaintiff WP583 ENTERPRISES, LLC, is a California Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Mfg. LC41-550FG (Tail No. N583WP) (manufactured by the Defendants).  The Managing Member of the WP583 Enterprises, LLC, is Mark Artner, who resides and is a citizen of California.

21.     Plaintiff MARK ARTNER is a citizen of the State of California.

22.     Plaintiffs ROBERT WOODBERRY and PENNY R. WOODBERRY are the co-owners of a Lancair Company LC41-550FG (Tail No. N65029) (manufactured by the Defendants). Plaintiffs Robert Woodberry and Penny R. Woodberry are citizens of the State of Virginia.

23.     Plaintiff GREGORY M. WILLARD is the sole owner of a Cessna Aircraft Company LC41-550FG (Tail No. N10222) (manufactured by the Defendants).  Plaintiff Gregory M. Willard is a citizen of the State of Illinois.

24.      Plaintiff WHY DRIVE, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Mfg. LC42-550FG (Tail No. N2539X) (manufactured by the Defendants).  The Managing Member of the Why Drive, LLC, is Kevin Bertling, who resides and is a citizen of Texas.

25.     Plaintiff KEVIN BERTLING is a citizen of the State of Texas.

26.     Plaintiff DERRICK C. WHITE is the sole owner of a Cessna Aircraft Company LC41-550FG (Tail No. N1299K) (manufactured by the Defendants).  Plaintiff Derrick C. White is a citizen of the State of Texas.

27.     Plaintiff WESTOVER TRANSPORTATION, LLC, is a Delaware Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N543DR) (manufactured by the Defendants).   The Managing Member of the Westover Transportation, LLC, is David Roeshot, who resides and is a citizen of Pennsylvania.

28.     Plaintiff DAVID ROESHOT is a citizen of the State of Pennsylvania.

29.     Plaintiffs GREGORY D. WARD and TAMARA D. WARD are the co-owners of a Lancair Company LC41-550FG (Tail No. N2541M) (manufactured by the Defendants).  Plaintiffs Gregory D. Ward and Tamara D. Ward are citizens of the State of Kentucky.

30.     Plaintiffs WILLIAM W. VOSS and JANELL VOSS are the co-owners of a Cessna Aircraft Company LC41-550FG (Tail No. N125BT) (manufactured by the Defendants).  Plaintiffs William W. Voss and Janell Voss are citizens of the State of Indiana.

31.     Plaintiffs MARK VIRG and DONNA VIRG are the co-owners of a Columbia Aircraft Mfg. LC41-550FG (Tail No. N534K) (manufactured by the Defendants).  Plaintiffs Mark Virg and Donna Virg are citizens of the State of Kentucky.

32.     Plaintiff VIMCO AVIATION, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N65035) (manufactured by the Defendants).  The Managing Member of Vimco Aviation, LLC, is Jorge Vielledent, who resides and is a citizen of Texas.

33.     Plaintiff JORGE VIELLEDENT is a citizen of the State of Texas.

34.     Plaintiff LEE C. VERRONE is the owner of a Lancair Company LC40-550FG (Tail No. N913GM) (manufactured by the Defendants).  Plaintiff Lee C. Verrone is a citizen of the State of New York.

35.     Plaintiff TTX, LLC, is a Montana Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company T240 (Tail No. N101FR) (manufactured by the Defendants). The Managing Member of TTX, LLC, is Stacy Lewis, who resides and is a citizen of Iowa.

36.     Plaintiff STACY LEWIS is a citizen of the State of Iowa.

37.     Plaintiff TOMKEN, LLC, is an Illinois Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N6502X) (manufactured by the Defendants).  The Managing Member of TomKen, LLC, is Tom Fiola, who resides and is a citizen of Illinois.

38.     Plaintiff TOM FIOLA is a citizen of the State of Illinois.

39.     Plaintiff TOCE LEASING, LLC, is a Louisiana Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N501AR) (manufactured by the Defendants).  The Managing Member of Toce Leasing, LLC, is Victor Toce, who resides and is a citizen of Louisiana.

40.     Plaintiff VICTOR TOCE is a citizen of the State of Louisiana.

41.     Plaintiff THREE LAKES MANAGEMENT, LLC, is a Wisconsin Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1599C) (manufactured by the Defendants).  The Managing Member of Three Lakes Management, LLC, is James Leatzow, who resides and is a citizen of Wisconsin.

42.     Plaintiff JAMES LEATZOW is a citizen of the State of Wisconsin.

43.     Plaintiff SYLLABUS, LLC, is a California Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N2547T) (manufactured by the Defendants).  The Managing Member of Syllabus, LLC, is Bette Gardner, who resides and is a citizen of California.

44.     Plaintiff BETTE GARDNER is a citizen of the State of California.

45.     Plaintiff SUN AERO AVIATION, LLC, is an Arizona Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N235SL) (manufactured by the Defendants).  The Managing Member of Sun Aero Aviation, LLC, is Cary Marmis, who resides and is a citizen of Arizona.

46.     Plaintiff CARY MARMIS is a citizen of the State of Arizona.

47.     Plaintiffs KIM N. STANLEY and LINDA L. STANLEY are the co-owners of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N997MM) (manufactured by the Defendants).  Plaintiffs Kim N. Stanley and Linda L. Stanley are citizens of the State of Arizona.

48.     Plaintiff DAVID A. STAMP is the owner of a Lancair Company LC42-550FG (Tail No. N2517X) (manufactured by the Defendants).  Plaintiff David A. Stamp is a citizen of the State of Michigan.

49.     Plaintiff ST. PATRICK RESERVES, LLC, is a Missouri Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N405JA) (manufactured by the Defendants).  The Managing Member of St. Patrick Reserves, LLC, is Frank O'Brien, who resides and is a citizen of Missouri.

50.     Plaintiff FRANK O'BRIEN is a citizen of the State of Missouri.

51.     Plaintiff GREGORY E. SPURLOCK is the owner of a Lancair Company LC40-550FG (Tail No. N41VC) (manufactured by the Defendants).  Plaintiff Gregory E. Spurlock is a citizen of the State of Tennessee.

52.     Plaintiff SPRINGROCK, LLC, is a California Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N401CR) (manufactured by the Defendants).  The Managing Member of Springrock, LLC, is Carl Rossi, who resides and is a citizen of California.

53.     Plaintiff CARL ROSSI is a citizen of the State of California.

54.     Plaintiff SPEEDBRAKE, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N1282M) (manufactured by the Defendants).  The Managing Member of Speedbrake, LLC, is Chris Lamprecht, who resides and is a citizen of Texas.

55.     Plaintiff CHRIS LAMPRECHT is a citizen of the State of Texas.

56.     Plaintiff STUART P. SIMS is the owner of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N526ST) (manufactured by the Defendants).  Plaintiff Stuart P. Sims is a citizen of the State of California.

57.      Plaintiff ELIOT SHULMAN is the owner of a Pacific Aviation Composites US LC40-550FG (Tail No. N424CH) (manufactured by the Defendants).  Plaintiff Eliot Shulman is a citizen of the State of Arizona.

58.     Plaintiff SHELDON GINGERICH MD, PC, is an Arizona Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Lancair Company LC41-550FG (Tail No. N898CW) (manufactured by the Defendants).  The President of Sheldon Gingerich MD, PC, is Sheldon Gingerich, MD, who resides and is a citizen of Arizona.

59.     Plaintiff SHELDON GINGERICH, MD, is a citizen of the State of Arizona.

60.     Plaintiff SAQUATUCKET ADVENTURES, LLC, is a Connecticut Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N623TH) (manufactured by the Defendants).  The Managing Member of Saquatucket Adventures, LLC, is Jay Elliott, who resides and is a citizen of Connecticut.

61.     Plaintiff JAY ELLIOTT is a citizen of the State of Connecticut.

62.     Plaintiff BIJAN SADRI is the owner of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N641WB) (manufactured by the Defendants).  Plaintiff Bijan Sadri is a citizen of the State of Texas.

63.     Plaintiff SCOTT B. ROGERS is the owner of a Lancair Company LC40-550FG (Tail No. N761SR) (manufactured by the Defendants).  Plaintiff Scott B. Rogers is a citizen of the State of North Carolina.

64.     Plaintiff DAVID ROBINSON is the owner of a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N137GB) (manufactured by the Defendants).  Plaintiff David Robinson is a citizen of the State of Maine.

65.     Plaintiff RMC HOLDINGS, INC., a Colorado Corporation, and Plaintiff 720 FLIGHTS, LLC, a Colorado Corporation, are sole purpose entities whose only assets are a Lancair Company LC41-550FG (Tail No. N401CM) (manufactured by the Defendants).  The President of RMC Holdings, Inc., is Randall Clark, MD, and the Managing Member of 720 Flights, LLC, is Greg Denewiler, both of whom reside and are citizens of Colorado.

66.     Plaintiff RANDALL CLARK, MD, is a citizen of the State of Colorado.

67.     Plaintiff GREG DENEWILER is a citizen of the State of Colorado.

68.     Plaintiff RECOVERY AVIATION, LLC, is a Florida Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N223GS) (manufactured by the Defendants).  The Managing Member of Recovery Aviation, LLC, is Gary Schorr, who resides and is a citizen of Florida.

69.     Plaintiff GARY SCHORR is a citizen of the State of Florida.

70.     Plaintiff QUALITY PROTECTION, INC., is a Missouri Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N103PF) (manufactured by the Defendants).  The President of Quality Protection, Inc., is Wayne Lewis, who resides and is a citizen of Missouri.

71.     Plaintiff WAYNE LEWIS is a citizen of the State of Missouri.

72.     Plaintiff PSH LEASING, LLC, is a Texas Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N10111) (manufactured by the Defendants).  The Managing Member of PSH Leasing, LLC, is Jordan Novelli, who resides and is a citizen of Texas.

73.     Plaintiff JORDAN NOVELLI is a citizen of the State of Texas.

74.     Plaintiff PRIVATE FLIGHT, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N350CW) (manufactured by the Defendants).  The Managing Member of Private Flight, LLC, is Robert Hummer, who resides and is a citizen of New Jersey.

75.     Plaintiff ROBERT HUMMER is a citizen of the State of New Jersey.

76.     Plaintiff PHANTOM AIR, LLC, is a Nebraska Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1554G) (manufactured by the Defendants).  The Managing Member of Phantom Air, LLC, is Larry Reynolds, who resides and is a citizen of Nebraska.

77.     Plaintiff LARRY REYNOLDS is a citizen of the State of Nebraska.

78.     Plaintiff LARRY PETRO is the owner of a Lancair Company LC42-550FG (Tail No. N213LB) (manufactured by the Defendants).  Plaintiff Larry Petro is a citizen of the State of the District of Columbia.

79.     Plaintiff PETER V. DESANCTIS CPA, PA, is a Florida Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N1131V) (manufactured by the Defendants).  The President of Peter V. Desanctis CPA, PA, is Peter Desanctis, who resides and is a citizen of Florida.

80.     Plaintiff PETER DESANCTIS is a citizen of the State of Florida.

81.     Plaintiff PERDIDOSOFT, LLC, is a Florida Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N1299H) (manufactured by the Defendants). The Managing Member of Perdidosoft, LLC, is Steve Olensky, who resides and is a citizen of Florida.

82.     Plaintiff STEVE OLENSKY is a citizen of the State of Florida.

83.     Plaintiff PAPA CHARLIE, LLC, is a Montana Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N431PC) (manufactured by the Defendants).  The Managing Member of PAPA Charlie, LLC, is Dale Stewart, who resides and is a citizen of Nevada.

84.     Plaintiff DALE STEWART is a citizen of the State of Nevada.

85.     Plaintiff NUTACAIR400, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N56MB) (manufactured by the Defendants).  The Managing Member of Nutacair400, LLC, is Laurence Brenner, who resides and is a citizen of Florida.

86.     Plaintiff LAURENCE BRENNER is a citizen of the State of Florida.

87.     Plaintiff NORTON AVIATION, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N441CS) (manufactured by the Defendants).  The Managing Member of Norton Aviation, LLC, is Thomas Norton, who resides and is a citizen of Florida.

88.     Plaintiff THOMAS NORTON is a citizen of the State of Florida.

89.     Plaintiff N2528T, LLC, is a Georgia Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N2528T) (manufactured by the Defendants).  The Managing Member of N2528T, LLC, is Steve Ratchford, who resides and is a citizen of Georgia.

90.     Plaintiff STEVE RATCHFORD is a citizen of the State of Georgia.

91.     Plaintiff N1235L, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1235L) (manufactured by the Defendants).  The Managing Member of N1235L, LLC, is JT Burnette, who resides and is a citizen of Florida.

92.     Plaintiff JT BURNETTE is a citizen of the State of Florida.

93.     Plaintiff MMAD WORX, LLC, is a California Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N87VB)

(manufactured by the Defendants).  The Managing Member of MMAD Worx, LLC, is Danny Mitchell, who resides and is a citizen of California.

94.     Plaintiff DANNY MITCHELL is a citizen of the State of California.

95.     Plaintiffs STEVEN D. MILLER and KASSANDRA M. MILLER are the co-owners of a Lancair Company LC42-550FG (Tail No. N361LB) (manufactured by the Defendants).  Plaintiffs Steven D. Miller and Kassandra M. Miller are citizens of the State of Virginia.

96.     Plaintiff LEWIS W. MILLER is the owner of a Lancair Company LC42-550FG (Tail No. N65031) (manufactured by the Defendants).  Plaintiff Lewis W. Miller is a citizen of the State of New York.

97.     Plaintiff MILLER AVIATION, LLC, is an Arizona Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N2510Y) (manufactured by the Defendants).  The Managing Member of Miller Aviation, LLC, is Timothy Miller, who resides and is a citizen of Arizona.

98.     Plaintiff TIMOTHY MILLER is a citizen of the State of Arizona.

99.     Plaintiff MIGUEL PROPERTIES, INC., is a Texas Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N142KM) (manufactured by the Defendants).  The President of Miguel Properties, Inc., is Michael Dearing, who resides and is a citizen of Texas.

100.    Plaintiff MICHAEL DEARING is a citizen of the State of Texas.

101.    Plaintiff MEGSAR AIR, LLC, is a Louisiana Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N1268R)

(manufactured by the Defendants). The Managing Member of Megsar Air, LLC, is Mark Landry, who resides and is a citizen of Louisiana.

102.    Plaintiff MARK LANDRY is a citizen of the State of Louisiana.

103.    Plaintiff IAN D. MEAD is the owner of a Lancair Company LC42-550FG (Tail No. N46HD) (manufactured by the Defendants). Plaintiff Ian D. Mead is a citizen of the State of Ohio.

104.    Plaintiff MDTS CORP is a Minnesota Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N400EA) (manufactured by the Defendants). The President of MDTS Corp., is Kent Vilendrer, who resides and is a citizen of Minnesota.

105.    Plaintiff KENT VILENDRER is a citizen of the State of Minnesota.

106.    Plaintiff FRANK C. MCDOWELL is the owner of a Cessna Aircraft Company LC41-550FG (Tail No. N373DF) (manufactured by the Defendants). Plaintiff Frank C. McDowell is a citizen of the State of California.

107.    Plaintiff MCCOWAN HOLDINGS, LLC, is a Kentucky Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N530Z) (manufactured by the Defendants). The Managing Member of McCowan Holdings, LLC, is Sally Buell McCowan, who resides and is a citizen of Kentucky.

108.    Plaintiff SALLY BUELL MCCOWAN is a citizen of the State of Kentucky.

109.    Plaintiff STEVEN MCCORMICK is the owner of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N711DV) (manufactured by the Defendants). Plaintiff Steven McCormick is a citizen of the State of West Virginia.

110.    Plaintiff KEVIN MCCORMICK is the owner of a Lancair Company LC42-550FG (Tail No. N352JS) (manufactured by the Defendants).  Plaintiff Kevin McCormick is a citizen of the State of Texas.

111.    Plaintiff WAYNE R. MAYNARD is the owner of a Lancair Company LC42-550FG (Tail No. N649WM) (manufactured by the Defendants).  Plaintiff Wayne R. Maynard is a citizen of the State of Texas.

112.    Plaintiff BRETT MATHIESON is the owner of a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N220FP) (manufactured by the Defendants).  Plaintiff Brett Mathieson is a citizen of the State of California.

113.    Plaintiff MASTERS IN FLIGHT, LLC, is a Washington Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N728SM) (manufactured by the Defendants).  The Managing Members of Masters in Flight, LLC, are Steve Masters and Kenneth Frankel, who reside and are citizens of Washington.

114.    Plaintiff STEVE MASTERS is a citizen of the State of Washington.

115.    Plaintiff KENNETH FRANKEL is a citizen of the State of Washington.

116.    Plaintiff DOMENIC M. MARTINELLO is the owner of a Lancair Company LC42-550FG (Tail No. N6508F) (manufactured by the Defendants).  Plaintiff Domenic M. Martinello is a citizen of the State of New Hampshire.

117.    Plaintiff MANGO TANGO AIR, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N1298G) (manufactured by the Defendants).  The Managing Member of Mango Tango Air, LLC, is Roberto Maal, who resides and is a citizen of Florida.

118.    Plaintiff ROBERTO MAAL is a citizen of the State of Florida.

119.     Plaintiff MAGCO, INC., is a Texas Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N495RD) (manufactured by the Defendants).  The President of Magco, Inc., is Fraser Pajak, who resides and is a citizen of Texas.

120.     Plaintiff FRASER PAJAK is a citizen of the State of Texas.

121.     Plaintiff MACH PLUS, LLC, is a South Carolina Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N510ML) (manufactured by the Defendants).  The Managing Member of Mach Plus, LLC, is Bernard Lee Jones, MD, who resides and is a citizen of South Carolina.

122.     Plaintiff BERNARD LEE JONES, MD, is a citizen of the State of South Carolina.

123.     Plaintiff LPT LEASING, LLC, is a Texas Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N774Z) (manufactured by the Defendants).  The Managing Member of LPT Leasing, LLC, is William Taylor, who resides and is a citizen of Texas.

124.     Plaintiff WILLIAM TAYLOR is a citizen of the State of Texas.

125.     Plaintiff LOKI ENTERPRISES, LLC, is a California Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N610BC) (manufactured by the Defendants).  The Managing Member of Loki Operations, LLC, is Bogdan Cocosel, who resides and is a citizen of California.

126.     Plaintiff BOGDAN COCOSEL is a citizen of the State of California.

127.     Plaintiffs GENE H. LAMOREAUX, TRUSTEE OF LAMOREAUX FAMILY TRUST, and GRETCHEN M. LAMOREAUX, TRUSTEE OF LAMOREAUX FAMILY TRUST, are Trustees of a The Lamoreaux Family Trust duly formed in Hunt County, Texas, which is a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N404JA)

(manufactured by the Defendants).   Trustee Gene H. Lamoreaux and Trustee Gretchen M. Lamoreaux reside and are citizens of the State of Texas.

128.     Plaintiffs GENE H LAMOREAUX AND GRETCHEN M. LAMOREAUX are citizens of the State of Texas.

129.     Plaintiff LA DAVIS, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N400LD) (manufactured by the Defendants).  The Managing Member of LA Davis, LLC, is Lou Ann Davis, who resides and is a citizen of Texas.

130.     Plaintiff LOU ANN DAVIS is a citizen of the State of Texas.

131.     Plaintiff DOUGLAS P. KURZ is the owner of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1240G) (manufactured by the Defendants).  Plaintiff Douglas P. Kurz is a citizen of the State of Texas.

132.     Plaintiff JEFFREY ALLEN KLINGELHOFER is the owner of a Lancair Company LC41-550FG (Tail No. N2514F) (manufactured by the Defendants).   Plaintiff Jeffrey Allen Klingelhofer is a citizen of the State of New Mexico.

133.     Plaintiff KIRSH & KIRSH, PC, is an Indiana Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N409SJ) (manufactured by the Defendants).  The Managing Partner of Loki Kirsh & Kirsh, PC, is Steve Kirsh, who resides and is a citizen of Indiana.

134.     Plaintiff STEVE KIRSH is a citizen of the State of Indiana.

135.     Plaintiff KELTONWOOD, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N565TW)

(manufactured by the Defendants).  The Managing Member of Keltonwood, LLC, is Mark Miller, who resides and is a citizen of Texas.

136.     Plaintiff MARK MILLER is a citizen of the State of Texas.

137.     Plaintiff JOPPA AVIATION, LLC, is a Virginia Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N54LK) (manufactured by the Defendants).  The Managing Member of Joppa Aviation, LLC, is Kay Cross, who resides and is a citizen of Virginia.

138.     Plaintiff KAY CROSS is a citizen of the State of Virginia.

139.     Plaintiff JOHN F. WARREN & ASSOCIATES, LLC, is a North Carolina Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N401PF) (manufactured by the Defendants).  The Managing Member of John F. Warren & Associates, LLC, is John F. Warren, who resides and is a citizen of North Carolina.

140.     Plaintiff JOHN F. WARREN is a citizen of the State of North Carolina.

141.     Plaintiff JBM LEGACY, LLC, is a Texas Corporation and a that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N450TF) (manufactured by the Defendants). The Managing Member of JBM Legacy, LLC, is JoLynn Johnston, who resides and is a citizen of Texas.

142.     Plaintiff JOLYNN JOHNSTON is a citizen of the State of Texas.

143.     Plaintiffs JOHN M. HUFT and TERESA ANN HUFT are the co-owners of a Cessna Aircraft Company LC41-550FG (Tail No. N422TJ) (manufactured by the Defendants). Plaintiffs John M. Huft and Teresa Ann Huft are citizens of the State of Colorado.

144.    Plaintiff CHARLES C. HOOVER, JR., is the owner of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N232CH) (manufactured by the Defendants).  Plaintiff Charles C. Hoover, Jr., is a citizen of the State of Florida.

145.    Plaintiff HOLISTIC DENTISTRY AVIATION PROJECT, LLC, is a Pennsylvania Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1469W) (manufactured by the Defendants).  The Managing Member of Holistic Dentistry Aviation Project, LLC, is Jerald Shapiro, who resides and is a citizen of Pennsylvania.

146.    Plaintiff JERALD SHAPIRO is a citizen of the State of Pennsylvania.

147.    Plaintiffs PATRICK HAYE and NAOMI HAYE are the co-owners of a Lancair Company LC41-550FG (Tail No. N25367) (manufactured by the Defendants).  Plaintiffs Patrick Haye and Naomi Haye are citizens of the State of North Dakota.

148.    Plaintiff HAWKER AVIATION, LLC, is a Delaware Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N912AV) (manufactured by the Defendants).  The Managing Member of Hawker Aviation, LLC, is Dana Dunkelberger, who resides and is a citizen of South Carolina.

149.    Plaintiff DANA DUNKELBERGER is a citizen of the State of South Carolina.

150.    Plaintiff HAROLD HART & ASSOCIATES, INC., is a Florida Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Lancair Company LC42-550FG (Tail No. N82PH) (manufactured by the Defendants).  The President of Harold Hart & Associates, Inc., is Craig Kalhoefer, who resides and is a citizen of Florida.

151.    Plaintiff CRAIG KALHOEFER is a citizen of the State of Florida.

152.   Plaintiff JOEL HACKNEY is the owner of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N2515Q) (manufactured by the Defendants).  Plaintiff Joel Hackney is a citizen of the State of California.

153.   Plaintiff CRAIG GROFF is the owner of a Lancair Company LC41-550FG (Tail No. N618G) (manufactured by the Defendants).  Plaintiff Craig Groff is a citizen of the State of Pennsylvania.

154.   Plaintiff GREY TAIL, LTD, is a Colorado Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1131K) (manufactured by the Defendants).  The Managing Member of Grey Tail, LTD, is Mark Muller, who resides and is a citizen of Colorado.

155.   Plaintiff MARK MULLER is a citizen of the State of Colorado.

156.   Plaintiff GREGORY PERNOUD DDS, PC, is a Missouri Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N33TP) (manufactured by the Defendants).  The President of Gregory Pernoud DDS, PC, is Gregory Pernoud, who resides and is a citizen of Missouri.

157.   Plaintiff GREGORY PERNOUD is a citizen of the State of Missouri.

158.   Plaintiffs SCOTT GRATSINGER and REBECCA GRATSINGER are the co-owners of a Lancair Company LC41-550FG (Tail No. N661WB) (manufactured by the Defendants).  Plaintiffs Scott Gratsinger and Rebecca Gratsinger are citizens of the State of Oregon.

159.   Plaintiff GOLF LINKS, INC., is a Tennessee Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N268W) (manufactured by the

Defendants).  The President of Golf Links, Inc., is Jerry Lemons, who resides and is a citizen of Tennessee.

160.    Plaintiff JERRY LEMONS is a citizen of the State of Tennessee.

161.    Plaintiffs STEPHEN LANIER GODWIN and DIANE ELIZABETH WOJCIK GODWIN are the co-owners of a Cessna Aircraft Company LC41-550FG (Tail No. N235JA) (manufactured by the Defendants).  Plaintiffs Stephen Lanier Godwin and Diane Elizabeth Wojcik Godwin are citizens of the State of Maryland.

162.    Plaintiff FREE BIRD AVIATION, LLC, is an Alaska Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N47MR) (manufactured by the Defendants).  The Managing Member of Free Bird Aviation, LLC, is David White, who resides and is a citizen of Alaska.

163.    Plaintiff DAVID WHITE is a citizen of the State of Alaska.

164.    Plaintiff FOCUS SOLUTIONS, INC., is an Iowa Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Lancair Company LC41-550FG (Tail No. N574RM) (manufactured by the Defendants).  The President of Focus Solutions, Inc., is Larry Elings, who resides and is a citizen of Iowa.

165.    Plaintiff LARRY ELINGS is a citizen of the State of Iowa.

166.    Plaintiff FLYING SIX CORP. is a Texas Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N6512Z) (manufactured by the Defendants).  The President of Focus Solutions, Inc., is Terry Maxey, who resides and is a citizen of Texas.

167.    Plaintiff TERRY MAXEY is a citizen of the State of Texas.

168.     Plaintiff FLYING PENGUIN, LLC, is a Michigan Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N400TV) (manufactured by the Defendants).  The Managing Member of Flying Penguin, LLC, is Tim Van Every, who resides and is a citizen of Michigan.

169.     Plaintiff TIM VAN EVERY is a citizen of the State of Michigan.

170.     Plaintiff FLYGA, LLC, is a Washington Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N991AF) (manufactured by the Defendants).  The Managing Member of FlyGa, LLC, is Randall Cooper, who resides and is a citizen of the State of Washington.

171.     Plaintiff RANDALL COOPER is a citizen of the State of Washington.

172.     Plaintiff KENNETH A. FLOYD is the owner of a Cessna Aircraft Company LC41-550FG (Tail No. N1239Z) (manufactured by the Defendants).  Plaintiff Kenneth A. Floyd is a citizen of the State of Texas.

173.     Plaintiff FIELDS TO FLIGHT, LLC, is a California Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N86LP) (manufactured by the Defendants).  The Managing Member of Fields to Flight, LLC, is Rod Mickels, who resides and is a citizen of California.

174.     Plaintiff ROD MICKELS is a citizen of the State of California.

175.     Plaintiff FARR AVIATION, LLC, is a Tennessee Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N410TW) (manufactured by the Defendants).  The Managing Member of Farr Aviation, LLC, is Skip Farr, who resides and is a citizen of Tennessee.

176.     Plaintiff SKIP FARR is a citizen of the State of Tennessee.

177.    Plaintiffs GEORGE FARINA and VICKI B. FARINA are the co-owners of a Lancair Company LC41-550FG (Tail No. N131MW) (manufactured by the Defendants). Plaintiffs George Farina and Vicki B. Farina are citizens of the State of Alabama.

178.    Plaintiff EINSTEIN, INC., is a Utah Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N362JV) (manufactured by the Defendants). The President of Einstein, Inc., is Gust Kalatzes, who resides and is a citizen of Utah.

179.    Plaintiff GUST KALATZES is a citizen of the State of Utah.

180.    Plaintiff DREAM RESOURCES, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Lancair Company LC40-550FG (Tail No. N616MS) (manufactured by the Defendants). The Managing Member of Dream Resources, LLC, is Robert Satterwhite, who resides and is a citizen of Texas.

181.    Plaintiff ROBERT SATTERWHITE is a citizen of the State of Texas.

182.    Plaintiff HARRY DRAJPUCH is the owner of a Columbia Aircraft Company LC41-550FG (Tail No. N277JA) (manufactured by the Defendants). Plaintiff Harry Drajpuch is a citizen of the State of California.

183.    Plaintiff DOUBLE RAINBOW AVIATION, LLC, is a Nevada Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N151LC) (manufactured by the Defendants). The Managing Member of Double Rainbow Aviation, LLC, is Robert Langer, who resides and is a citizen of Nevada.

184.    Plaintiff ROBERT LANGER is a citizen of the State of Nevada.

185.    Plaintiff DOUBLE D'S, LLC., is an Ohio Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N2509W) (manufactured by the

Defendants).  The Managing Member of Double D'S, LLC, is David Daugherty, who resides and is a citizen of Ohio.

186.   Plaintiff DAVID DAUGHERTY is a citizen of the State of Ohio.

187.   Plaintiff DISPLAYCRAFT, INC., is a Connecticut Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Cessna Aircraft Company LC41-550FG (Tail No. N427PA) (manufactured by the Defendants).  The President of DisplayCraft, Inc., is Richard Seigars, who resides and is a citizen of Connecticut.

188.   Plaintiff RICHARD SEIGARS is a citizen of the State of Connecticut.

189.   Plaintiff DIAMOND J. AVIATION, LLC, is a North Carolina Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N13106) (manufactured by the Defendants).  The Managing Member of Diamond J. Aviation, LLC, is James Torrey, who resides and is a citizen of North Carolina.

190.   Plaintiff JAMES TORREY is a citizen of the State of North Carolina.

191.   Plaintiff DD AIR, LLC, is a Pennsylvania Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N3533P) (manufactured by the Defendants).  The Managing Member of Diamond J. Aviation, LLC, is Dale C. Adams, who resides and is a citizen of Pennsylvania.

192.   Plaintiff DALE C. ADAMS is a citizen of the State of Pennsylvania.

193.   Plaintiff DCO AIR LEASING, LLC, is a Delaware Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1282D) (manufactured by the Defendants).  The Managing Member of DCO Air Leasing, LLC, is Brandon Durbin, who resides and is a citizen of Texas.

194.   Plaintiff BRANDON DURBIN is a citizen of the State of Texas.

195.    Plaintiff DARRUS AVIATION, INC., is an Arkansas Corporation and a sole purpose entity whose only asset is a Lancair Company LC41-550FG (Tail No. N915GM) (manufactured by the Defendants). The President of Darrus Aviation, Inc., is Mike Neal, who resides and is a citizen of Arkansas.

196.    Plaintiff MIKE NEAL is a citizen of the State of Arkansas.

197.    Plaintiff COOK PROCESS SERVICE, LLC, is a Colorado Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1551F) (manufactured by the Defendants). The Managing Member of Cook Process Service, LLC, is Steven L. Cook, who resides and is a citizen of Colorado.

198.    Plaintiff STEVEN L. COOK is a citizen of the State of Colorado.

199.    Plaintiff COCHRAN PROPERTIES, LLC, is an Alabama Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Lancair Company LC41-550FG (Tail No. N23KP) (manufactured by the Defendants). The Managing Member of Cochran Properties, LLC, is Tony Cochran, who resides and is a citizen of Alabama.

200.    Plaintiff TONY COCHRAN is a citizen of the State of Alabama.

201.    Plaintiff CHARLES G. CLARK is the owner of a Columbia Aircraft Company LC42-550FG (Tail No. N1231C) (manufactured by the Defendants). Plaintiff Charles G. Clark is a citizen of the State of Kentucky.

202.    Plaintiff JOHN ERWIN CHRISTIE is the owner of a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N921DZ) (manufactured by the Defendants). Plaintiff John Erwin Christie is a citizen of the State of Texas.

203.     Plaintiff CHIRO CONSULTING, LLC, is a Delaware Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N1286C) (manufactured by the Defendants).  The Managing Member of Chiro Consulting, LLC, is TJ Poelking, who resides and is a citizen of Ohio.

204.     Plaintiff TJ POELKING is a citizen of the State of Ohio.

205.     Plaintiff CESSNA 400, LLC, is a Virginia Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N855SK) (manufactured by the Defendants).  The Managing Member of Cessna 400, LLC, is Paul Schaaf, who resides and is a citizen of Virginia.

206.     Plaintiff PAUL SCHAAF is a citizen of the State of Virginia.

207.     Plaintiffs GLENN CERESA and HARRY FOX are the co-owners of a Lancair Company LC42-550FG (Tail No. N6512R) (manufactured by the Defendants).  Plaintiffs Glenn Ceresa and Harry Fox are citizens of the State of California.

208.     Plaintiff CARAVELLA AIR, INC., is a Connecticut Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N916GM) (manufactured by the Defendants).  The President of Caravella Air, Inc., is Gary Caravella, who resides and is a citizen of Connecticut.

209.     Plaintiff GARY CARAVELLA is a citizen of the State of Connecticut.

210.     Plaintiff CAPTAIN JB, LLC, is an Ohio Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N71EL) (manufactured by the Defendants).  The Managing Member of Captain JB, LLC, is Jeremy Berman, who resides and is a citizen of Ohio.

211.     Plaintiff JEREMY BERMAN is a citizen of the State of Ohio.

212.    Plaintiff BTICG LEASING, INC., is a Texas Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N1211D) (manufactured by the Defendants).  The President of BTICG Leasing, Inc., is Brooks Terrell, who resides and is a citizen of Texas.

213.    Plaintiff BROOKS TERRELL is a citizen of the State of Texas.

214.    Plaintiff BRAVO XRAY, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N321BX) (manufactured by the Defendants).  The Managing Member of Bravo Xray, LLC, is Dave Bauerle, who resides and is a citizen of Florida.

215.    Plaintiff DAVE BAUERLE is a citizen of the State of Florida.

216.    Plaintiff BOONE VALLEY IMPLEMENTS, INC., is an Iowa Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N711NN) (manufactured by the Defendants).  The President of Boone Valley Implements, Inc., is Ron Siemens, who resides and is a citizen of Iowa.

217.    Plaintiff RON SIEMENS is a citizen of the State of Iowa.

218.    Plaintiff JAMES R. BOLCH is the owner of a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N104FP) (manufactured by the Defendants).  Plaintiff James R. Bolch is a citizen of the State of North Carolina.

219.    Plaintiff BLUEVENTURE, LLC, is a North Carolina Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N65042) (manufactured by the Defendants).  The Managing Member of BlueVenture, LLC, is Hayden Garrett Hale, who resides and is a citizen of North Carolina.

220.    Plaintiff HAYDEN GARRETT HALE is a citizen of the State of North Carolina.

221.     Plaintiff BLAZE AVIATION, INC., is an Arkansas Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC42-550FG (Tail No. N1112L) (manufactured by the Defendants).  The President of Blaze Aviation, Inc., is Henry Burch, who resides and is a citizen of Arkansas.

222.     Plaintiff HENRY BURCH is a citizen of the State of Arkansas.

223.     Plaintiff LARRY J. BIERWIRTH is the owner of a Lancair Company LC40-550FG (Tail No. N303LM) (manufactured by the Defendants).  Plaintiff Larry J. Bierwirth is a citizen of the State of Kentucky.

224.     Plaintiff BHC4, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N7GQ) (manufactured by the Defendants).  The Managing Member of BHC4, LLC, is Byron H. Christie, who resides and is a citizen of Texas.

225.     Plaintiff BYRON H. CHRISTIE is a citizen of the State of Texas.

226.     Plaintiffs DOUGLAS A. BERNARD and REBECCA BERNARD are the co-owners of a Lancair Company LC41-550FG (Tail No. N169PJ) (manufactured by the Defendants). Plaintiffs Douglas A. Bernard and Rebecca Bernard are citizens of the State of Louisiana.

227.     Plaintiff LAURENCE BARRAS is the owner of a Columbia Aircraft Company LC41-550FG (Tail No. N842X) (manufactured by the Defendants).  Plaintiff Laurence Barras is a citizen of the State of California.

228.     Plaintiff BARLEY AVIATION, LLC, is an Ohio Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N85EA) (manufactured by the Defendants).  The Managing Member of Barley Aviation, LLC, is Thomas Husted, who resides and is a citizen of Ohio.

229.     Plaintiff THOMAS HUSTED is a citizen of the State of Ohio.

230.     Plaintiff B&S HOLDINGS, LLC, is a Georgia Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N95EE) (manufactured by the Defendants).  The Managing Member of B&S Holdings, LLC, is Robert Harkrider, who resides and is a citizen of Georgia.

231.     Plaintiff ROBERT HARKRIDER is a citizen of the State of Georgia.

232.     Plaintiff ASPEN FLYER, LLC, is a Colorado Corporation and a sole purpose entity whose only asset is a Cessna Aircraft Company LC41-550FG (Tail No. N667AF) (manufactured by the Defendants).  The Managing Member of Aspen Flyer, LLC, is Frank Cantrell, who resides and is a citizen of Colorado.

233.     Plaintiff FRANK CANTRELL is a citizen of the State of Colorado.

234.     Plaintiff APOLLO PC, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N1287D) (manufactured by the Defendants).  The Managing Member of Apollo PC, LLC, is James Talkington, MD, who resides and is a citizen of Florida.

235.     Plaintiff JAMES TALKINGTON, MD, is a citizen of the State of Florida.

236.     Plaintiff BARRY CURTIS ANDERSON is the owner of a Cessna Aircraft Company LC41-550FG (Tail No. N725EA) (manufactured by the Defendants).  Plaintiff Barry Curtis Anderson is a citizen of the State of California.

237.     Plaintiff ROBERT AMBLER is the owner of a Lancair Company LC40-550FG (Tail No. N37BA) (manufactured by the Defendants).  Plaintiff Robert Ambler is a citizen of the State of California.

238.     Plaintiffs BENJAMIN THOMAS AKERS, JR., TRUSTEE OF AKERS FAMILY TRUST, and LORA JEAN AKERS, TRUSTEE OF AKERS FAMILY TRUST, are Trustees of a The Akers Family Trust duly formed in Maricopa County, Arizona, and a sole purpose entity

whose only asset is a Lancair Company LC41-550FG (Tail No. N2515B) (manufactured by the Defendants). Benjamin Thomas Akers, Jr., Trustee, and Lora Jean Akers, Trustee, reside and are citizens of Arizona.

239.    Plaintiffs BENJAMIN THOMAS AKERS, JR., and LORA JEAN AKERS are citizens of the State of Arizona.

240.    Plaintiff AIR FRED, LLC, is a Delaware Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N5EM) (manufactured by the Defendants).  The Managing Member of Air Fred, LLC, is John Stenger, who resides and is a citizen of Pennsylvania.

241.    Plaintiff JOHN STENGER is a citizen of the State of Pennsylvania.

242.    Plaintiff AIG AVIATION, LLC, is a Florida Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC41-550FG (Tail No. N899BW) (manufactured by the Defendants).  The Managing Member of AIG Aviation, LLC, is Armando Gonzales, who resides and is a citizen of Florida.

243.    Plaintiff ARMANDO GONZALEZ is a citizen of the State of Florida.

244.    Plaintiff AGINTY, INC., is a Canadian Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. C GPKS) (manufactured by the Defendants).  The President of Aginty, Inc., is Perry Kelly, who resides and is a citizen of Ontario, Canada.

245.    Plaintiff PERRY KELLY is a citizen of Ontario, Canada.

246.    Plaintiff AEROVENTURE, LLC, is a Delaware Corporation and a sole purpose entity whose only asset is a Columbia Aircraft Manufacturing LC42-550FG (Tail No. N350BT) (manufactured by the Defendants).  The Managing Member of AeroVenture, LLC, is Ronnie Guterman, who resides and is a citizen of the State of New York.

44

247.    Plaintiff RONNIE GUTERMAN is a citizen of the State of New York.

248.    Plaintiff AERO EAGLE ONE, LLC, is a Texas Corporation and a sole purpose entity whose only asset is a Lancair Company LC42-550FG (Tail No. N350RP) (manufactured by the Defendants).  The Managing Member of Aero Eagle One, LLC, is Mark Mosier, who resides and is a citizen of Texas.

249.    Plaintiff MARK MOSIER is a citizen of the State of Texas.

250.    Plaintiff 107 SUCCESS, LLC, is a Virginia Corporation that conducts business in several states and whose largest single asset, which is used in the furtherance of that business, is a Lancair Company LC41-550FG (Tail No. N144LC) (manufactured by the Defendants).  The Managing Member of 107 Success, LLC, is Kevin Kendall, who resides and is a citizen of Virginia.

251.    Plaintiff KEVIN KENDALL is a citizen of the State of Virginia.

252.    Defendant CESSNA AIRCRAFT COMPANY ("Cessna") is a wholly owned subsidiary of Defendant Textron Aviation, Inc., which controls in toto its actions and corporate decisions.  Cessna was a corporation organized under the laws of the State of Delaware but reincorporated in the State of Rhode. Cessna does substantial business within the State of Rhode Island. Defendant Cessna, as of January 1, 2017, merged with Textron Aviation, Inc., with its principal place of business is in Kansas. The entity formerly known as Cessna does substantial business within the State of Rhode Island, as well as numerous other states within the United States.  Cessna has been merged out of existence and the former entity is now wholly controlled by its parent company Defendant Textron.

253.    Defendant TEXTRON, INC. ("Textron") is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Rhode Island.  Textron conducts substantial business within the State of Rhode Island, as well as numerous other states within the United States.

45

254.    Defendant TEXTRON AVIATION, INC., ("Textron Aviation") is a wholly owned subsidiary of Textron, and is a corporation with its principal place of business in the State of Kansas.  Textron Aviation is controlled by Textron, Inc. and does significant business within the State of Rhode Island, as well as numerous other states within the United States.

255.    Columbia Aircraft Manufacturing Corporation ("Columbia Manufacturing") was organized under the laws of the State of Oregon and maintained its principal place of business in Oregon.  In or around 2007, Cessna purchased all of the assets of Columbia.  In or around September 2007,  Columbia filed a Chapter 11 petition in United States Bankruptcy Court for the District of Oregon.  Columbia Manufacturing is no longer a real party in interest and is not named as a defendant in this case, in any event, in light of its bankruptcy filing.  No claim asserted in this case against the Defendants was discharged at any time in the bankruptcy proceeding filed by Columbia Manufacturing.

256.    At all times material to this Complaint, each of the above-named Defendants were the agents, servants, employees, joint-venturers, and copartners of their co-defendants and, as such, were acting within the course and scope of such agency, service, partnership, joint-venture, and employment at all times herein mentioned; that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant, as their agent, servant, employee, joint-venturer and partner.  Further, each and every defendant ratified the conduct of each of the other defendants.

257.    Defendant Textron at all relevant times set forth herein directed and controlled the actions of Textron Aviation and Cessna and is responsible for all of the actions of its divisions and/or subsidiaries with respect to the claims set forth herein.

258.    Defendants Cessna, Textron Aviation and Textron have the rights and responsibilities of the Columbia Manufacturing fleet of aircraft.

259.     The foregoing defendants are collectively referred to herein as "Defendants."

**Facts Applicable to All Counts**

260.     At all times material, Defendants owned Type Certificate A00003SE, for the Cessna TTx, and all its former iterations.

261.     At all times material, Defendants designed the Cessna TTx.

262.     At all times material, Defendants manufactured the Cessna TTx.

263.     At all times material, Defendants had a duty to provide the FAA with information regarding the safety, airworthiness, maintenance, service requirements, and any field difficulties known to Defendants with respect to the Cessna TTx.

264.     At all times material to this complaint, Defendants had a duty to provide owners and operators of the Cessna TTx information regarding the safety, airworthiness, maintenance, service requirements, and field difficulties related to the Cessna TTx.

265.     At all times material, Defendants knew that the Cessna TTx had and continues to have pervasive problems related to cracking around and on the actual windows and windscreen of the Aircraft.

266.     At all times material, Defendants knew or should have known that this pervasive cracking was and is a potential safety of flight issue for the Aircraft.

267.     At all times material, Defendants, through their managing agents and employees repeatedly told owners and operators of the Aircraft that Defendants would fix the "problem with window cracking."

268.     At all times material, Defendants made misrepresentations for the purpose of inducing owners and operators of the Aircraft to not take action with respect to the cracking because Defendants falsely represented that they were developing a solution for the cracking problem.

269.    At all times material, Defendants purported to develop a solution for the persistent and pervasive cracking problem, but then abruptly stopped manufacturing the Cessna TTx in or around January 2018 without any prior warning or notice.

270.    At all times material, Plaintiffs were operating the Aircraft in a reasonably prudent manner, in accordance with the applicable operating handbooks and manuals.

271.    At all times material, Plaintiffs maintained the Aircraft in accordance with applicable maintenance manuals, the Federal Aviation Regulations, and all Service Literature, and Airworthiness Directives as promulgated by the FAA and the Defendants.

272.    At all times material, Defendants represented to the owners and operators of the Aircraft as well as the U.S. Bankruptcy Court where the bankruptcy petition of Columbia Manufacturing was pending, that the Defendants would repair any and all window cracks that began during the Aircraft's initial warranty period.

273.    At all times material, Defendants repeatedly told the owners and operators of the Aircraft that any issues with the windows, windscreen, and/or surrounding areas were strictly cosmetic and presented no structural or safety issues, even though Defendants knew that their representations were not true.

274.    At all times material, the Cessna TTx aircraft including but not limited to the Aircraft owned by each of the Plaintiffs have and continue to suffer cracks of varying degree in and around the windows, windscreen, and pilot and passenger external handles, and through the window glass at times causing complete failures. Examples of the cracking are shown below:





(Exhibits "A" - "E" attached hereto reveal more examples of cracking in other Cessna TTx Aircraft owned by Plaintiffs in this lawsuit).

## History

275.     The Cessna TTx have a long and detailed history that is a matter of public record through Defendants' own marketing materials, the FAA's certification records, and the court file in the bankruptcy action of Columbia Manufacturing.

## The Lineage of the Aircraft

276.     In April of 1995, an Oregon company, Lancair, established a new entity, Pacific Aviation Composites, USA in Redmond, Oregon, purportedly to expand the production of its kit aircraft that were bought and assembled by individual builders for operation in the experimental aircraft category.   Lancair was founded by aviation pioneer Lance Neibauer, who had enjoyed considerable success in the manufacture and sale of all composite kit aircraft, in the "home-built-experimental" market within the United States and abroad. Pacific Aviation Composites' manufacturing site in Redmond, Oregon, quickly became the home of Lancair's venture into FAA certificated aircraft.  Lancair's first venture into certificated aircraft was a low wing, all composite aircraft, with fixed landing gear, and a normally aspirated piston engine.   This aircraft was designated the Lancair Certified Model 40, of LC-40.   The LC-40 was the progenitor of the Columbia series of aircraft that are the subject of this lawsuit.

277.     In July of 1996, the first prototype LC-40 flew, followed by the conformance flight tests for certification of the second prototype in 1997.  On September 18, 1998, the LC-40 was officially certificated by the FAA and renamed the Columbia 300.  The Columbia 300 is the first in the series of the Aircraft that are the subject of this action, the design having remained substantially the same until this day.  In 2003, Lance Neibauer sold the "kit/homebuilt" division of his company, retaining the certificated portion to focus on the certificated market.  In 2005, this new company was renamed Columbia Aircraft Company, and the company shifted its focus exclusively to the design and production of certificated production aircraft.

278.     Following the manufacture, sale and marketing of the Columbia 300, Columbia eventually developed, manufactured and sold the Columbia 350, and the Columbia 400.   In November of 2007, Cessna purchased the assets of Columbia Manufacturing, including the certifications and design and right to manufacture the Columbia 350 and the Columbia 400.

279.     In September of 2007, it was first announced that Textron, and its wholly owned division, Cessna, were purchasing Columbia Manufacturing.   As a requirement of the purchase, Columbia Manufacturing agreed to enter into bankruptcy under Chapter 11.   The sale then progressed, at the Order of the Bankruptcy Court, to a bidding process with several other suitors vying for the purchase.   Ultimately, Textron/Cessna was the successful bidder.   In November 2007, following the purchase, the Columbia 350 and Columbia 400 aircraft were rebranded as the Cessna 350 and Cessna 400.   Later the aircraft name was changed to the Corvalis TT and then to the Cessna TTx.

280.     During the pendency of the bankruptcy proceeding, Textron/Cessna represented to the Bankruptcy Court, in response to questions raised by various owners of the Aircraft regarding window and windscreen cracking, that the defect would be corrected and the cracks would be repaired no matter when the defect developed.   (*See Attached* as Exhibit "F").

## History of Composite Cracks

281.     From the onset of production of the Aircraft, they have been plagued with defects that result in cracking of a significant nature of the composite materials surrounding the windows and windscreens of the Aircraft.   On information and belief, this was known to Textron when it undertook its due diligence prior to the purchase of the Type Certificate and the manufacturing process, design process, and the Aircraft built by Columbia Manufacturing.

282.     The cracks propagate around the windows and windscreens with varying degree of depth and width, but of such a substantial nature as to be an issue with respect to the integrity of

the window and windscreen installation.   In several known events, an entire window has delaminated from  an Aircraft and fell out while the plane was on the ground.   There is evidence throughout the entire family of these Aircraft that these cracks are prevalent, persistent, unpreventable, and potentially catastrophic.   There have been several instances of the window "pane" cracking and failing as a result of the crack propagation around the windows.

283.     Defendants and each of them have repeatedly assured the owners and operators of the Aircraft that they would honor the aircraft warranty on the Aircraft in relation to the cracks, and they made that representation to the Bankruptcy Court.   Notwithstanding, the Textron Defendants have continually delayed the actions, fixes, or repairs.   Prior to Textron taking possession, ownership, and liability for and of the aircraft (Type Certificate Data Sheets) and manufacturing, Columbia Manufacturing had issued a Service Bulletin (SB) addressing a repair for the Aircraft cracks which became SB08-56-01.   Following the purchase of the assets of Columbia Manufacturing, Defendants reissued the SB.  But, on February 16, 2009, the Defendants withdrew the SB pending the issuance of a "Revision 2," which as of the filing of this complaint has yet to be issued.  (*See Attached* as Exhibit "G").  While the Defendants have attempted repairs of cracks in certain of the Aircraft, none of the repairs have resulted in a permanent correction of the defect nor have Defendants been able to develop a permanent repair for the defect.   Instead, they quietly ceased manufacturing the Cessna TTx and have effectively washed their hands of the problem.

284.     In a further effort to whitewash the problem, the Defendants have continually stated that the damage to the Aircraft is merely "cosmetic," all the while knowing that several Aircraft experienced cracks that propogated through the windows of the Aircraft causing the windows to break and at times separate from the Aircraft during flight and on the ground.   The Aircraft is capable of flight at altitudes up to 25,000 feet and at speed  of  235 knots (275 mph) where window

or windscreen failures—which the Defendants have concealed from the public generally, and from Plaintiffs—create a serious flight safety issue .

285.    Despite their knowledge of the scope of the problem and the potential fatal risk associated with the defect, the Defendants have continued to assure the owners and operators of the Aircraft that a repair and fix is in the works and will be successful, inducing owners to refrain from taking other action.  The Defendants' deceit and failure to acknowledge the existence of the defect and its severity has allowed the Defendants to induce new owners to purchase the Aircraft.

286.    Among other things, the Defendants have made the following misrepresentations during the relevant period:

In a letter dated August 12, 2010, from Steve Charles, Director of Cessna Field Operations to a member of Cessna Advanced Aircraft Club (hereinafter CAAC)[3] Mr. Charles stated:

"…This letter is to confirm that once we have a proven method for long term repair; Cessna will pay for materials and labor to repair cracking including paint touch up.  This credit will apply to any aircraft that was in warranty at the time of Cessna's purchase of Columbia."

287.    Similarly in a letter dated November 3, 2001, from Craig Cuthbertson, Customer Service Engineer at Cessna to one of the CAAC members:

"…Cessna continues to evaluate materials that will not exhibit this type of cracking over time.  Once we approve a new material we will issue a Service Bulletin to correct this condition. After this bulletin is issued, Cessna will correct these cosmetic cracks on LC420550FG serial number 42055, regardless of ownership."

288.    These communications and others like the foregoing have continued.

289.    Defendants' misleading and false statements have induced owners to refrain from taking legal action.  Defendants have, without communicating to the FAA or any owner or owners groups, attempted to repair some Aircraft multiple times, without success.  And while the Textron

---

[3] The CAAC is a loosely formed organization of owners that provides information, training, and support for owners of the Cessna 350, 400, and TTx. The CAAC has attempted to obtain information from Defendants regarding the defects but the Textron Defendants have repeatedly made misrepresentations to the CAAC, which in turn the CAAC has repeated to its members not knowing that the statements were false.

Defendants now claim the latest version of the Aircraft, the Cessna TTx, is free from the defects, the Aircraft in the field show a different picture of numerous service difficulties, malfunctions and/or defects. Numerous TTx aircraft are currently showing the same cracking at very low airframe times despite Defendants' statements to the contrary.

**Aircraft Value & Pricing**

290.    The Cessna TTx is  among the most expensive single engine piston aircraft in the world.  Generally regarded as one of the fastest certificated reciprocating single engine aircraft, the TTx commands premium prices.  Hence, customers expect to receive the benefit of their bargain.  The inevitability of the Defendants failure and/or refusal to effectuate a repair of the defects has and will continue to have a devastating effect on the financial value of the Aircraft which in turn will adversely effect the finances of the owners, including Plaintiffs, many of whom have financed their Aircraft, or otherwise have liens against the Aircraft.

291.    Further, if structural integrity failures occur with more frequency, the FAA will have no choice but to issue an Airworthiness Directive, grounding the Aircraft, and effectively reducing the financial value of the Plaintiffs' aircraft to "zero."

292.    Had Defendants provided accurate information about the Aircraft, Plaintiffs would have paid substantially less for the Cessna TTx or purchased a different type of aircraft altogether. Plaintiffs were thus further damaged by, among other things, having paid more for the Cessna TTx than they otherwise would have paid or, alternatively, were dupted into buying a product they otherwise would not have considered for purchase.

**Tolling Allegations**

293.    Any applicable statutes of limitation have been tolled by the Defendants' affirmative continuing acts of fraud, fraudulent concealment, suppression and denial of the true material facts regarding the existence of the defects in the Aircraft. On information and belief, at

all times relevant, Defendants have had exclusive knowledge of the true nature of the defects and continued to conceal the facts from Plaintiffs and the public who were all ignorant of the nature of the defects because Defendants were stating that they were cosmetic only.  Further Plaintiffs were ignorant of the fact that Defendants were unable or unwilling to correct the defects despite their affirmative representations to the contrary.

294.    Defendants are estopped from relying on any statutes of limitation because of their fraudulent concealment and misrepresentations of the true facts concerning the dangerously defective defects in the composite material and the windows and windscreens. Defendants were, at all times relevant, aware of the nature and existence of the defects and the fact that the defect was more than just cosmetic, but at all times pertinent have continued to manufacture, certify, market, advertise, distribute, sell and lease the Aircraft under false pretenses, without revealing the true facts, in order to sell the Aircraft and to avoid bad publicity and/or to avoid spending the money necessary to correct the defect or replace the Aircraft. The true facts about the Aircraft continue to be concealed from the public to this day.

295.    Through such acts of fraudulent concealment, Defendants have successfully deceived Plaintiffs and the public regarding facts necessary to support the claims herein. Plaintiffs, the general public and others similarly situated were and/or are prevented from knowing of such unlawful, unfair, fraudulent, untrue and/or deceptive conduct or of facts that might have led to the discovery thereof.

296.    Defendants have continued to communicate these misrepresentations and concealments as late as February of 2019 and even later to Plaintiffs and members of Plaintiffs' group.  (*See Attached* as Exhibits "H" through "N").

## COUNT I

### Breach of Implied Warranties

### (Against All Defendants)

297.    Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

298.    Prior to May 24, 2016, the Defendants impliedly warranted that the Aircraft including the airframe and installation of its windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, which were sold, supplied and placed into the stream of commerce were airworthy, of merchantable quality, fit, and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, overhauled, intended and used, and the Defendants further warranted that the airframe, windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, which were sold, supplied and placed into the Aircraft, including, but not limited to, the window material itself, the composite material adjacent to the windows (including any and all paint, gel-coat, sealant, hardeners, or other materials and substances applied internally or externally by or at the direction of the Defendants), the materials bonding and attaching the windows and their associated systems, and techniques of installation were free from all defects, and said defendant knew that these warranties would be, and actually were, relied upon; and said Defendants warranted impliedly that the warnings, maintenance, service, advice and instructions for the aircraft, its airframe, windshield, windows, doors adjoining fuselage areas, and their associated component parts and systems, as installed, including the flight manual, maintenance manual, maintenance instructions, overhaul manual, parts catalogue, service bulletins, inspection schedules and service life schedules were safe, proper, adequate, of the predicted life span for such parts, and correct and proper for use in the Aircraft as intended.

299.    Defendants breached said implied warranties in that the airframe, windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, on the subject aircraft including, but not limited to, the window material itself, the composite material adjacent to the windows (including any and all paint, gel-coat, sealant, hardeners, or other materials and substances applied internally or externally by or at the direction of the Defendants), the materials bonding and attaching the windows and their associated systems, and techniques of installation were not of merchantable quality and were not fit for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, overhauled, intended and used, and were not free from all defects; and that the warnings, advice and instructions for the airframe, windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, on the Aircraft, including its flight manual, maintenance manual, maintenance instructions, overhaul manual, parts catalogue, service bulletins, inspection schedules and service life schedules were improper, inadequate, incorrect, dangerous, and misleading.

300.    As a direct and proximate result of the Defendants' breach of implied warranties in whole or in part, as set forth herein, the Aircraft were and continue to be in a defective condition, unreasonably dangerous, lost substantial financial value off the purchase price, are in need of repair to maintain an airworthiness status, and have effectively been abandoned by the Defendants, the Type Certificate Holder, in violation of their duties and obligations.

301.    As a result of these breaches, Plaintiffs have suffered damages of diminution of value, loss of use, cost of repair, loss of the financial value of the Aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft.

302.    Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, costs and such other and further relief that this Court deems just and proper.

## COUNT II

### Breach of Express Warranty

### (Against All Defendants)

303.    Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

304.    At all times material, the Defendants, expressly warranted that the Aircraft including the airframe and  installation of its windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, which were sold, supplied and placed into the stream of commerce were airworthy, of merchantable quality, fit, and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, overhauled, intended and used, and the Defendants, further warranted that the airframe, windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, on the Aircraft, including, but not limited to, the window material itself, the composite material adjacent to the windows (including any and all paint, gel-coat, sealant, hardeners, or other materials and substances applied internally or externally by or at the direction of the Defendants), the materials bonding and attaching the windows and their associated systems, and techniques of installation were free from all defects, and Defendants knew that these warranties would be, and actually were, relied upon; and Defendants warranted, expressly, that the warnings, maintenance, service, advice and instructions for Aircraft, its airframe, windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, including its flight manual, maintenance manual, maintenance instructions, overhaul manual, parts catalogue, service bulletins, inspection

schedules and service life schedules were safe, proper, adequate, of the predicted life span for such parts, and correct and proper for use in the Aircraft as intended.

305.    Defendants breached said express warranties in that the airframe, windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, on the Aircraft, including, but not limited to, the window material itself, the composite material adjacent to the windows (including any and all point, gel-coat, sealant, hardeners, or other materials and substances applied internally or externally by or at the direction of the Defendants), the materials bonding and attaching the windows and their associated systems and techniques of installation were not of the quality as set forth in advertising, contract, or the express warranty appended to the Aircraft (*See Attached* as  Exhibit "O" appended to this Complaint) and as such were not fit for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, overhauled, intended and used, and were not free from all defects; and that the warnings, advice and instructions for the airframe, windshield, windows, doors, adjoining fuselage areas, and their associated component parts and systems, as installed, on the Aircraft, including its flight manual, maintenance manual, maintenance instructions, overhaul manual, parts catalogue, service bulletins, inspection schedules and service life schedules were improper, inadequate, incorrect, dangerous, and misleading.

306.    As a direct and proximate result of the Defendants breach of their express warranties in whole or in part, as set forth herein, the Aircraft was and continues to be in a defective condition, is unreasonably dangerous, has lost substantial financial value off the purchase price, is in need of repair to maintain an airworthiness status, and have effectively been abandoned by the Defendants, the Type Certificate Holder, in violation of its duties and obligations.

307.   As a result of these breaches Plaintiffs have suffered damages of diminution of value, loss of use, cost of repair, loss of all value of the Aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft[4].

308.   WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, costs and for such other and further relief that this Court deems just and proper.

## COUNT III

## Fraudulent Inducement

## (Against the All Defendants)

309.   Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

310.   The Defendants failed to disclose the defects and made affirmative misrepresentations to the buying public in general and Plaintiffs in specific that:

     a.   The Aircraft was free of defects and specifically that the airframe, windshield, windows, doors, adjoining areas of the fuselage and other critical components were properly attached, assembled, and or manufactured and designed and had a life span that matched that of the airframe of the Aircraft, without need for major repair or rebuild.

     b.   The composite materials were evaluated, tested, and certified with the strength and durability of metal or greater.

     c.   The design of the windows, windshields, and doors, were evaluated, tested, and certified such that they would remain safe, integral, and without defect for the life of the airframe;

---

[4] In other words the difference between the price Plaintiffs paid for their aircraft and the actual value of the aircraft as the difference between what they would have paid had they defect not been hidden by Defendants, and they as purchasers had the benefit of this knowledge.

d.      The materials used in the windows, windscreen, and doors were evaluated tested, and certified such that they would remain safe, integral, and without defect for the life of the airframe;

311.    That the design and system of installation(s) of the windscreen, windows, and doors was evaluated, tested, and certified such that they would remain safe, integral, and without defect for the life of the airframe.

312.    That known cracks emerging in the areas around the windows and windscreens were "cosmetic in nature only," and presented no risk of causing window or windscreen failure, and were not a safety of flight issue, even though Defendants knew that some windows had cracked all the way through, making aircraft unairworthy, and making it, inarguably, a safety of flight issue.

313.    Defendants did and continue to state that a permanent "fix" for the cracks was "coming," when they knew there was none.

314.    Defendants did and continue to state that a Service Bulletin "fix" was coming and after producing a putative Service Bulletin, withdrew it from the FAA and did not provide another one.

315.    Defendants provided the false information that these were mearly "cosmetic cracks" to its network of service providers to further fortify and continue the misrepresentations.

316.    Defendants' representations as stated above were, at the time of making, and continue today to be false.

317.    Defendants, at the time the representations were made, knew or "should" have known that the representations were false.

318.     Defendants made the false representations with the express intention of inducing specific action by these Plaintiffs and the aircraft buying public in general to purchase or continue to purchase or own the Aircraft.

319.     Defendants made these representations with the specific intent that Plaintiffs rely on their misrepresentations and continue to purchase and support Defendants' aircraft.

320.     These Plaintiffs did rely on Defendants' multiple and continuous representations, as they were required to do, as Defendants were the owners and supporters of the Aircraft Type Certificate, and Type Certificate Data Sheet, and Defendants undertook to continue to provide warranty, service, and support for said aircraft(s).

321.     At all times pertinent to this litigation and the plead events, Defendants were continuously and systematically queried by Plaintiffs, individually and through owner support organizations, and Defendants continuously and consistently repeated the misrepresentations.

322.     Defendants continued to make these representations as late as February 28, 2019, prior to the filing of this complaint, stating that the issues are cosmetic, and there are repairs, while the issue is not simply cosmetic, and Defendants have yet to create a permanent repair, to members of the Plaintiffs group and have continually put out further information of the same or similar factual basis.

323.     Plaintiffs, being in a greatly inferior position regarding the knowledge of the design and manufacture of the Aircraft and relying on the OEM, and specifically the Defendants, acted in reliance of the false information; and as such Plaintiffs suffered damage.

324.     Plaintiffs did not know and could not have known or discovered that the foregoing statements made by the Defendants were false.

325.     As a result of these omissions and false representations and Plaintiffs' reasonable reliance on them, Plaintiffs have suffered damages in diminution of value, loss of use, cost of

repair, loss of all value of the aircraft, physical damage to the aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft.

326.    WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally, for compensatory damages, punitive damages, costs and such other relief this Court deems appropriate.

## COUNT IV

### Strict Liability Manufacturing Defect

### (Against All Defendants)

327.    Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

328.    Defendants are in the business of designing, manufacturing, marketing, and selling general aviation aircraft.

329.    Defendants are the owner of the Type Certificate for the Aircraft in question.

330.    Defendants manufactured the Aircraft in a defective and unreasonably dangerous condition.

331.    Defendants have created and updated both maintenance manuals, repair manuals, manufacturing assembly procedures, and or manuals, parts catalogs and operating manuals for the said Aircraft on a continuing and regular basis, in a manner rendering them defective and unreasonably dangerous.

332.    The above acts by the Defendants have rendered the Aircraft, its manuals, and operating specifications defective and unreasonably dangerous and as such have caused Plaintiffs to suffer damages in diminution of value, loss of use, cost of repair, loss of all value of the Aircraft, physical damage to the Aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft.

333.     WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages, costs and such other relief this Court deems appropriate.

## COUNT V

### Strict Liability Design Defect

334.     Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

335.     Defendants are in the business of designing, manufacturing, marketing and selling general aviation aircraft.

336.     Defendants are the owner of the Type Certificate for the Aircraft in question.

337.     Defendants did design, modify, fail to modify, designed improper manufacturing techniques, or adopted improper manufacturing techniques, or adopted defectively designed manufacturing techniques, and/or adopted the design of the Aircraft in a defective and unreasonably dangerous condition.

338.     Defendants have created and updated both maintenance manuals, repair manuals, manufacturing assembly procedures, and or manuals, parts catalogs, service literature, and operating manuals for the said Aircraft on a continual and regular basis, in a manner rendering them defective and unreasonably dangerous.

339.     The above acts by the Defendants  have rendered the Aircraft, its manuals, and operating specifications defective and unreasonably dangerous and as such have caused Plaintiffs to suffer damages in diminution of value, loss of use, cost of repair, loss of all value of the aircraft, physical damage to the Aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft.

340.     WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages, costs and such other relief this Court deems appropriate.

## COUNT VI

## Negligence in Manufacture

341.  Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

342.  Defendants had and have a duty to manufacture the Aircraft in question in a reasonably prudent manner, free from defects, and in compliance with the Federal Aviation Regulations governing such activities.

343.  Defendants breached this duty in all of, though not limited to, the following ways:

a.      by failing to manufacture windows that would remain securely in place;

b.      by failing to manufacture windscreens that would remain securely in place;

c.      by failing to use materials that would remain integral throughout the operating temperature spectrum of the Aircraft;

d.      by failing to use materials that would remain integral throughout the operating pressures spectrum of the Aircraft;

e.      by failing to use materials that would remain integral throughout the vibrational operating spectrum of the Aircraft;

f.      by failing to use bonding technics that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

g.      by failing to use curing techniques that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

h.      by failing to use assembly techniques that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

i.     by failing to use dampening techniques that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

j.     by failing to use composite materials that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

k.     by failing to use repairs that would the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

m.     by failing to provide instructions that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

n.     by failing to provide operating provide maintenance and servicing procedures that would provide knowledge on how to repair de-bonding of the windows and windscreens from the fuselage.

344.    As a result of these and other breaches, the Defendants caused Plaintiffs to suffer damages in diminution of value, loss of use, cost of repair, loss of all value of the Aircraft, physical damage to the aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft.

345.    WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages, costs and such other relief this Court deems appropriate.

**COUNT VII**

**Negligence in Design**

**[Against All Defendants]**

346.    Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

347.     Defendants had a duty to design the Aircraft in question in a reasonably prudent manner, free from defects, and in compliance with the Federal Aviation Regulations governing such activities.

348.     Defendants breached this duty in all of the following, though not limited to, the following ways:

a.     by failing to design windows that would remain securely in place;

b.     by failing to design windscreens that would remain securely in place;

c.     by failing to specify the use materials that would remain integral throughout the operating temperature spectrum of the Aircraft;

d.     by failing to specify the use materials that would remain integral throughout the operating pressures spectrum of the Aircraft;

e.     by failing to specify the use materials that would remain integral throughout the vibrational operating spectrum of the Aircraft;

f.     by failing to specify the use bonding technics that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

g.     by failing to specify the use curing techniques that would allow the materials sealing the windows and winscreen to remain integral throughout the operating parameters of the Aircraft;

h.     by failing to specify the use assembly techniques that would allow the materials sealing the windows and winscreen to remain integral throughout the operating parameters of the Aircraft;

i.      by failing to specify the use dampening techniques that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

j.      by failing to specify the use composite materials that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

k.      by failing to specify the use repairs that would the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

m.      by failing to design instructions that would allow the materials sealing the windows and windscreen to remain integral throughout the operating parameters of the Aircraft;

n.      by failing to design operating, maintenance, and servicing procedures that would provide knowledge on how to repair de-bonding of the windows and windscreens from the fuselage.

349.    As a result of these and other breaches the Defendants caused Plaintiffs to suffer damages in diminution of value, loss of use, cost of repair, loss of all value of the Aircraft, physical damage to the Aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft.

350.    WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages, costs and such other relief this Court deems appropriate.

## COUNT VIII

### Violation of the Deceptive Trade Practice Act

### §§ 6.13.1-1; 6-13,1-5.2; *et seq.*

### (Against All Defendants)

351.    Plaintiffs repeat and re-allege all prior paragraphs as if set forth herein.

352.    Plaintiffs herein allege that the Defendants violated the Deceptive Trade Practice Act of Rhode Island and are therefore entitled to any and all relief under said act.

353.    Defendants' conduct, as alleged above, constiuted  unlawful, unfair or deceptive acts or practices in the conduct of trade or commerce.

354.    As a result of the Defendants' breach they caused Plaintiffs to suffer damages in diminution of value, loss of use, cost of repair, loss of all value of the aircraft, physical damage to the Aircraft, and loss of the benefit of the bargain Plaintiffs entered into when purchasing the Aircraft.

355.    Therefore Plaintiffs have suffered a total loss of the value of their Aircraft and hence request Defendants reclaim the Aircraft and refund the Plaintiffs costs of purchase or replacement, whichever is less.

356.    WHEREFORE, Plaintiffs demand judgment against the Textron Defendants, jointly and severally, for actual or compensatory damages, punitive damages, costs, fees, attorney's fees and such other relief this Court deems appropriate.  Plaintiffs further demand a trial by jury of all issues triable as of right by jury.

FOR THE FORGOING REASONS AND THOSE TO BE UNCOVERED WITHIN THE PROCESS OF DISCOVERY, PLAINTIFFS HERE IN MOVE THIS HONORED COURT TO ENTER JUDGMENT AS AGAINST DEFENDANTS FOR ALL DAMAGES THIS COURT SEES FIT TO IMPOSE INCLUDING THOUGH NOT LIMITED TO PUNITIVE DAMAGES AND ATTORNEYS FEES.

Dated: July 22, 2019.

MARASCO & NESSELBUSH, LLP

/s/ Joseph P. Marasco
Joseph P. Marasco, Esq.
RI Bar No.: 4655
Mark Grimm, Esq.
RI Bar No.: 3130
685 Westminster Street
Providence, RI 02903
T: (401) 274-7400
F: 401-274-7404
E: jmarasco@m-n-law.com
E: mgrimm@m-n-law.com

And

THE LAW OFFICES OF DANIEL D. BARKS
Daniel D. Barks, Esq. (*Pending Pro Hac Vice*)
The Law Offices of Daniel D. Barks
5555 Glenridge Connector, Ste. 550
Atlanta, Georgia 30342
(404) 751-0632
ddb@barks-law.com

And

NELSON & FRAENKEL, LLP
Stuart R. Fraenkel, Esq. (*Pending Pro Hac Vice*)
Gretchen M. Nelson, Esq. (*Pending Pro Hac Vice*)
Gabriel Barenfeld, Esq. (*Pending Pro Hac Vice*)
601 South Figueroa Street, Ste. 2050
Los Angeles, CA 90017
(844) 622-6465
stuart@nflawfirm.com
gnelson@nflawfirm.com
gbarenfeld@nflawfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs demand a jury for all claims stated.

Dated: July 22, 2019.

/s/ Joseph P. Marasco
Joseph P. Marasco, Esq.