UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ZONE FIVE, LLC, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 20-1059-DDC-KGG |
| TEXTRON AVIATION, INC., | ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING**
**MOTION TO MODIFY SCHEDULING ORDER**

Now before the Court is the Motion to Modify Scheduling Order filed by Plaintiffs Zone Five, LLC, *et al.* (hereinafter "Plaintiffs"). (Doc. 136.) Defendant Textron Aviation, Inc. (hereinafter "Defendant" or "Textron") opposes Plaintiffs' request. (Doc. 145). After review of the parties' submissions, and for the reasons set forth herein, the motion is **GRANTED**.

**BACKGROUND**

Plaintiffs originally filed this action on July 22, 2019, in the United States District Court for the District of Rhode Island. The case was transferred to the District of Kansas on March 2, 2020, upon joint motion. (Doc. 25.) Subject matter jurisdiction is based on 28 U.S.C. § 1332 (complete diversity).

The case involves more than 700 owners of Cessna aircraft who are seeking damages for alleged defects in their aircraft. Plaintiffs have brought eight claims

1

against Defendant – (1) breach of implied warranty, (2) breach of express warranty, (3) fraudulent inducement, (4) strict liability in manufacturing, (5) strict liability in design, (6) negligence in manufacturing, (7) negligence in design, and (8) deceptive trade practices.  (Doc. 63,  ¶¶ 755–807.)

The case has proceeded through several attempts by the parties to engage in informal discovery, involving attempts to use a limited number of aircraft as exemplars in an effort to streamline the proceedings.  Despite numerous status conferences with the Court, these efforts have not been successful.  The parties also engaged in settlement discussions as well as a mediation on May 19, 2023.  Although discussions continue, the case has not been resolved.

On November 23, 2022, Defendant field a Motion for a More Definite Statement.  (Doc. 68.)  Therein, Defendant generally contended that Plaintiffs' Count VIII for deceptive trade practices was indecipherable.  (*See generally id*.)  Defendant argued that it could not

> reasonably respond to a claim when not one of the 748 Plaintiffs has identified what the claim is.  Count VIII … does not say what that is or say whether it is statutory, based in common law, based in the laws of one state or several states (or a foreign jurisdiction), or common or disparate Case across the hundreds of Plaintiffs.

(*Id*., at 8-9.)  Defendant continued that it was merely "asking [for] Plaintiffs [to] disclose what 'the Deceptive Trade Practices' means so that [Defendant] need not speculate." (*Id*., at 9.)  This motion was granted by the District Court on May 16,

2

2023, ordering Plaintiffs to specify "what law or laws [they] bring Count VIII under … ." (Doc. 105, at 27.) Plaintiff was instructed to file an Amended Complaint " specifying what claim Count VIII is making within 21 days of the date of this Order." (*Id.*)

Defendant also moved to dismiss six of Plaintiffs' eight claims – breach of implied warranty (Count I), strict liability (Counts IV and V), negligence (Counts VI and VII), and fraud (Count III). (Docs. 69, 70.) Defendant argued that the Kansas economic loss doctrine bars the claims for strict liability and negligence (Counts IV, V, VI, and VII). Defendant also contended that the limited warranty agreement of the parties bars Plaintiffs' implied warranty and tort claims (Counts I, IV, V, VI, and VII). Finally, Defendant argued that the fraud claim (Count III) does not satisfy the pleading requirements under Fed.R.Civ.P 9(b).

This motion was granted in part and denied in part by the District Court in the same order that granted Defendant's Motion for a More Definite Statement. (*See generally* Doc. 105.) The District Court dismissed the fraud claim (Count III) for 745 of the 748 Plaintiff.[1] The District Court held that Plaintiffs "failed to plead their fraud claims with particularity as required by Rule 9(b)" and invited Plaintiffs to file a motion to amend to clarify these fraud claims. (*Id.*, at 22.) As to the other

---

[1] The claims of Plaintiffs Masters, Stenger, and Cocosel were excluded.

claims, the District Court found that Plaintiffs "have alleged plausible claims of negligence, strict liability, and violations of implied warranties." (*Id.*)

Rather than file an Amended Complaint as instructed in the District Court's Order of May 16, 2023, Plaintiffs filed a Motion for Leave to File Fourth Amended Complaint. (Doc. 109.) That motion, filed on June 7, 2023, sought to clarify issues relating to choice of law, address concerns regarding particularity of the fraud claims, clarify the deceptive trade practices claims, and clarify the negligence claims by adding a new claim for negligent misrepresentation. (*See* Doc. 109.)

Defendant has also filed a Motion to Compel Discovery and Dismiss for Failure to Make Discovery. (Doc. 120, 121.) Therein, Defendant contends that only 10% of Plaintiffs have verified their interrogatory responses. (*See generally* Doc. 121.) Defendant continues in part that the interrogatory responses that have been received from certain Plaintiffs contain improper conditional and boilerplate objections and nonresponsive answers, and that approximately 100 Plaintiffs have failed to produce documents. (*See generally, id.*) This motion and the aforementioned Motion to Amend will be addressed by the Magistrate Judge in separate Orders.

As of result of these substantive procedural and discovery motions, Defendant has not yet filed an Answer to any of Plaintiffs' Complaints. As stated

by Plaintiffs, "significant questions remain as to the nature and scope of claims and defenses at issue." (Doc. 136, at 4.)

The present Motion to Modify Scheduling Order (Doc. 136) was filed by Plaintiffs on July 10, 2023, approximately a month after the Motion to Amend the Complaint. This is the first requested amendment to the current Scheduling Order by either of the parties, which was entered on August 1, 2022. (Doc. 57.)

Plaintiffs concede that the modification to the schedule "admittedly, should have been sought at an earlier conference of the Court." (Doc. 136, at 1.) Plaintiffs' counsel also admit a "widespread calendaring error" wherein "the deadline for serving Initial Expert Disclosures passed on June 30. Neither party disclosed any experts on June 30, 2023." (*Id*.) Even so, Plaintiffs opine that "the current status of the case is not ripe for immediate expert disclosures or an imminent close to discovery." (*Id*.) Plaintiffs generally request a 3 to 4 month extension of remaining deadlines. (*Id*., chart at 2-3.)

Defendant opposes Plaintiffs' request, arguing in part that the motion does not comply with D. Kan. Rule 6.1(a) because Plaintiffs did not disclose that Defendant opposes the requested modifications to the Scheduling Order. (Doc. 145, at 7-8.) Defendant also argues that Plaintiffs have not established good cause for the requested modifications (*id*., at 9-15), and that Plaintiffs have failed to show excusable neglect (*id*., at 15-17).

5

# ANALYSIS

## I. Standards for Amending Scheduling Order.

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" **Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n**, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing **Pumpco, Inc. v. Schenker Intern., Inc.**, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations omitted)). See also **Pfeiffer v. Eagle Mfg. Co.**, 137 F.R.D. 352, 355 (D.Kan.1991); Fed.R.Civ.P. 16 advisory committee note to 1983 Amendment. The lack of prejudice to the nonmovant does not show "good cause." **Deghand v. Wal-Mart Stores, Inc.**, 904 F.Supp. 1218, 1221 (D. Kan. 1995) (citations omitted).

## II. Application of Standard to Circumstances Presented.

As summarized above, Plaintiffs' counsel admit that the June 30, 2023, deadline for expert disclosures was missed as a result of a "widespread calendaring error … ." (Doc. 136, at 1.) The Court agrees with Defendant that this mistake does not equate to good cause or excusable neglect. (Doc. 145.)

That stated, the Court agrees with Plaintiffs' statement that "the current status of the case is not ripe for immediate expert disclosures or an imminent close to discovery." (Doc. 136, at 1.) Further, the present motion to extend the

6

deadlines was filed a mere 10 days after the expired expert deadline. Given the magnitude of discovery involved in this case and the fact that no prior extensions have been sought by either party, the Court will grant the requested modifications to the Scheduling Order in the interest of justice.

Plaintiffs' Motion to Modify Scheduling Order (Doc. 136) is, therefore, **GRANTED**. The Court will issue an Amended Scheduling Order forthwith, encompassing the dates proposed by Plaintiffs.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 19th day of July, 2023.

                                             /S/ KENNETH G. GALE
                                             KENNETH G. GALE
                                             United States Magistrate Judge