### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ZONE FIVE, LLC, ET AL., | |
| **Plaintiffs,** | |
| v. | Case No. 20-cv-01059-DDC-KGG |
| TEXTRON AVIATION, INC., | |
| **Defendant.** | |

### MEMORANDUM & ORDER GRANTING
### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Now before the Court is Plaintiffs' Motion for Leave to File Fourth Amended Complaint. (Doc. 109.)  Plaintiffs seek leave to amend their complaint to (1) plead fraud with particularity for each plaintiff, (2) make a more definite statement regarding their "Violation of the Deceptive Trade Practices" claim, and (3) invoke a new claim of negligent misrepresentation.  (Doc. 109.) Defendant opposes the motion.  (Doc. 119.)  After review of the parties' submissions, the Court **GRANTS** Plaintiffs' motion.

### BACKGROUND

Hundreds of Plaintiffs purchased defendant's aircraft, the Cessna TTx – a single engine, fixed-gear, general aviation aircraft.  (Doc. 63, at 45-46.)  At all times relevant, Defendant designed and manufactured the Cessna TTx.  (*Id.*, at 160.)  Each Plaintiffs' Cessna TTx Aircraft allegedly suffered cracks, varying in degree, in and around the windows, windscreen, and pilot and passenger handles, and through the window glass.  (*Id.*, at 161.)  At times, this cracking allegedly caused complete failures of this airplane—which, for simplicity, this Order refers to as the Aircraft.  (*Id.*)

Plaintiffs contend Defendant designed and manufactured this Aircraft with latent defect

1

causing cracking in the windows, windscreen, and adjacent Aircraft skin.  (*Id.*, at 46.)  Plaintiffs allege these cracks caused serious safety of flight issues that could cause injury or death.  (*Id.*)  Plaintiffs allegedly incurred costs to repair or loss of use of the Aircraft due to grounding it for safety reasons due to these cracks.  (*Id.*)

Plaintiffs contend Defendant promised to correct and repair the defects multiple times but never did.  (*Id.*) (citing Doc. 63-8, Doc. 63-9, Doc. 63-11, Doc. 63-14.)  Defendant, owner of an aircraft Type Certificate, exclusively possess information of any problems with design, system, or dangerous trends within the model and are required by the Federal Aviation Administration to protect and educate consumers.  (*Id.*)  Plaintiffs' allegations conclude Defendants failed to do so, giving false assurances that the issues with the Aircraft were "cosmetic" and presented no structural or safety issues.  (*Id.*)

Plaintiffs claim Defendant owed a duty to provide the FAA, owners, and operators with information about the safety, airworthiness, maintenance, service requirements, and any field difficulties known.  (*Id.*, at 160.)  Defendants allegedly knew of the pervasive problem of the Aircraft.  (*Id.*)  It is also alleged the Defendant knew or should have known the cracking created a potential flight safety issue for the Aircraft.  (*Id.*)  The defects allegedly decreased the value of the Aircraft, which was purchased at a premium price.  (*Id.*)

Plaintiffs also contend that Defendant, through managing agents and employees, informed Aircraft owners that it would fix the "problem with window cracking."  (*Id.*)  Defendant allegedly also represented to the U.S. Bankruptcy Court they would repair all window cracks that occurred during the Aircraft's initial warranty.  (*Id.*)  However, Defendant allegedly claimed to be developing a solution which Plaintiffs believe was false.  (*Id.*, at 160.)  Plaintiffs contend they each operated the Aircraft in a reasonably prudent manner, and maintained the Aircraft in accordance with FAA regulations, "Service Literature," and "Airworthiness Directives."  (*Id.*, at 161.)

Plaintiffs believe they would have paid substantially less for the Aircraft or purchased a different plane if Defendant had provided accurate information.  (*Id.*, at 167.)

Plaintiffs brought this action on July 22, 2019, in the District of Rhode Island.  (Doc. 1.)  The case was transferred to the District of Kansas on March 2, 2020.  (Doc. 25.)  Plaintiffs third amended complaint contained 8 counts against the Defendant.  (Doc. 63.)  Defendants challenged the third amended complaint in their motion for a more definite statement regarding the "Violation of the Deceptive Trade Practices" claim (Doc. 67), and in their partial motion to dismiss for failure to state a claim.  (Doc. 69.)  The Court granted Defendant's motion for a more definite statement and partially granted the motion to dismiss, dismissing 745 of the 748 fraud claims "without prejudice" for failure to plead with specificity under Fed. R. Civ. P. 9(b).  (Doc. 105.)  Plaintiffs now seek to amend their complaint for the fourth time.  (Doc. 109.)

## ANALYSIS

### I.      Good Cause Under Rule 16

Pre-trial motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a) and 16(b)(4).  Once the scheduling order deadline has passed, a party seeking leave to amend must demonstrate good cause under Fed. R. Civ. P. 16(b)(4), then satisfy rule 15(a).  ***Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n***, 771 F.3d 1230, 1240 (10th Cir. 2014).  Rule 16(b)(4) provides "[a] schedule may be modified only for good cause and with the judge's consent."

Defendant first contends the Court did not excuse Plaintiffs from showing good cause under Fed. R. Civ. P. 16(b)(4).  (Doc. 119, at 7.)  However, the District Judge ordered Plaintiffs to file an amended complaint on the trade secrets claim and invited plaintiffs to file leave for an amended complaint on the fraud claims, gaining the Judge's consent.  (Doc. 105, at 27.)  Plaintiffs filed this motion timely, within 21 days of the order and in accordance with D. Kan. Rule 15.1.  (Doc. 109.)  Good cause is satisfied, as the District Judge invited Plaintiffs to file an amended complaint and

ordered plaintiffs to amend their complaint to specify what law or laws Plaintiffs bring their claim of "Violation of the Deceptive Trade Practices" under in response to Defendant's motion for more definite statement.  (Doc. 105, at 27.)

## II.      Rule 15(a)

Rule 15 provides that a party may amend its pleadings within 21 days after service "as a matter of course," or if the pleading is one which requires a responsive pleading, "21 days after service of the response or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(A), (B).

All other amendments require "the opposing party's consent or the court's leave," which should be given by the court freely when justice requires.  Fed. R. Civ. P. 15(a)(2).  A court's decision to grant leave is within the trial court's discretion and will not be reversed "absent an abuse of discretion."  ***Minter v. Prime Equip. Co.***, 451 F.3d 1196, 1204 (10th Cir. 2006).  Leave sought should be freely given the absence of "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." ***Foman v. Davis***, 371 U.S. 178, 182 (1962).

### a.   Undue Delay

Defendant argues that Plaintiffs' proposed amendments are unduly delayed.  (Doc. 119, at 8.)  First, Defendant contends the amended fraud claims are unduly delayed as Plaintiffs knew the facts years before but failed to plead them in support of their fraud claim until now.  (*Id.*, at 9.)  Second, Defendant asserts that denial is warranted due to Plaintiffs waiting to seek leave to amend until forced to do so by the Court.  (*Id.*, at 10).   However, any untimeliness is waived by the District Judge inviting Plaintiffs to make this motion.  Defendant also contends the motion is untimely as it would add a new claim based on facts known since 2019.  (*Id.*, at 11.)  Again, the

District Judge invited Plaintiffs to file leave to amend their complaint, negating any untimeliness.

### b.  Undue Prejudice

Next, Defendant contends they would be unduly prejudiced if the motion was granted.  (*Id.*, at 12.)  Defendant specifically argues the new claim of Negligent Misrepresentation causes the Defendant to "conduct substantial new research." (*Id.*, at 14.)  The Court disagrees, as the claim of Negligent Misrepresentation does not change the facts and is very similar to their Fraud claim.  Defendant also claims that to allow the amended complaint would cause continuous difficulties regarding discovery.  (*Id.*)  While discovery may be difficult given the number of plaintiffs, the new claim is certainly not the cause.  Likewise, the Court does not find the amended complaint to be unduly prejudicial.

### c.  Futility

Lastly, Defendant asserts the amended complaint is futile, and should therefore be denied. (*Id.*, at 15.)  Defendant argues that Plaintiffs stated conclusory statements in regards to their Deceptive Trade Practice claim and the applicable state statutes.  (*Id.*, at 15-16.)  Defendant also contends Plaintiffs failed to plead fraud with specificity and that many Plaintiffs no longer own the Aircraft or purchased the Aircraft after the litigation began.  (*Id.*, at 17-19.)  For the purpose of this motion, the Court finds Defendant did not establish futility. Therefore, Plaintiffs' Motion for Leave to Amend is **GRANTED**.

**IT IS ORDERED THAT** Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 109) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs file their amended complaint within five (5) days of the date of this Order.  Plaintiffs are ordered to file their amended complaint substantively unaltered from that attached to their motion.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of July 2023.

/s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge