UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZONE FIVE, LLC, *et al.*,

        Plaintiffs,

v.

TEXTRON AVIATION, INC.,

        Defendant.

Case No. 20-1059-DDC-KGG

## MEMORANDUM & ORDER DENYING MOTION TO COMPEL AND FOR PROTECTIVE ORDER

Now before the Court is the "Motion to Compel Defendant Textron to Return Inadvertently Produced Attorney-Client Communications and Work Product; and All Plaintiffs' Motion for a Protective Order to Prohibit Defendant Textron from Further Disclosure of Privileged Material." (Doc. 163.) For the reasons set forth herein, Plaintiffs' motion is **DENIED**.

Plaintiffs contend the information was inadvertently produced during discovery and they "were not aware of the error until Defendant filed it on the public docket in support of its Motion to Compel Discovery and Dismiss for Failure to Make Discovery" (Docs. 120, 121). (Doc. 163, at 1.) Plaintiffs Quality Protection and Wayne Lewis thus request an Order compelling Defendant to return the allegedly privileged document. Further, all Plaintiffs ask that the documents containing the allegedly privileged material "be removed and replaced on the public

1

docket, that the Court enter an Order striking the portions of Defendant's motion which are derivative of the privileged material, and an Order enforcing the Protective Order agreed to in this matter."[1]  (Doc. 163, at 1.)

As an initial matter, Plaintiffs incorrectly titled and docketed this motion as a "motion to compel," when it should have been docketed as a <u>motion to strike</u> the offending portion of Defendant's submission.  Because the motion was docketed as a motion to compel and for proactive order, the Court had no reason to be aware that it was related to Defendant's aforementioned motion to compel and dismiss (Doc. 120).  Had the document been properly docketed as a motion to strike, the Court would have considered and resolved it in conjunction with Defendant's underlying motion.

Defendant opposes Plaintiffs' motion, arguing that the "witness-coached" testimony is "neither privileged nor work product," that Defendant complied with the Protective Order in this case, and that Plaintiffs' "goal is to delay consequences for their own violations."  (*See generally* Doc. 173.)  Defendant argues that it is unaware of "any authority that stands for the proposition that witness-coached testimony is subject to attorney-client privilege or work-product protection."  (Doc. 173, at 12.)  Rather, Defendant asserts that courts have repeatedly recognized that it

---

[1] The information at issue is contained in an exhibit in support of Defendant's motion to compel and dismiss (Doc. 121-1, at 296-97), Defendant's brief in support of the motion (Doc. 121, at 21-22), and the Court's Order granting that motion (Doc. 180, at 24-25.)

is permissible to attack testimony on the grounds that it appears to have been "influenced by inappropriate coaching." (*Id.*, at 12-13 citations omitted).

Defendant, in part, relies on the case of ***United States v. John***, wherein the Tenth Circuit held that defense counsel could make a "common sense suggestion that the witness was influenced by inappropriate coaching." 849 F.3d 912, 920 (10th Cir. 2017). That conclusion, however, was reached in the context of jury instructions relating to witness interviews, not discovery responses.

Defendant also cites ***Geders v. U.S.***, wherein the Supreme Court discussed the "weapons" available to a prosecutor attempting to "cope" with coached witnesses. 425 U.S. 80, 89–90, 96 S.Ct. 1330, 47 L.Ed.2d 592 (2011). Again, this case does not specifically relate to canned or coached discovery responses.

Finally, Defendant cites ***United States v. Verse***, for the proposition that witnesses using suspiciously similar "verbiage" is evidence of coaching. 490 F.2d 280, 282 (7th Cir. 1973). The issue, however, was raised in the context of permissible cross-examination for inmate witnesses who testified "in almost the exact verbiage" of a particular exhibit.

Although the cases cited by Defendant are clearly distinguishable, the Court finds the underlying reasoning to be both sound and applicable. Defendants have asserted that almost 500 interrogatory responses have used virtually verbatim, canned language. (*See* Doc. 173, at 13.) It is undeniable that the language was "cut & pasted" boilerplate. Therefore, Defendants should be allowed to attack the

3

appropriateness of the discovery responses.

Defendant has also explained the importance of receiving original responses from each individual Plaintiff in this case.

> In a one-claimant case, a coached interrogatory response would not be proper, but it would also be smoked out in a deposition. But this case involves over 700 Plaintiffs. While [Defendant] could depose all 700-plus Plaintiffs, that would be an extremely inefficient use of the parties' time and resources. As such, the interrogatory responses are an essential tool in a case with this many parties; they are not to be taken lightly or dismissed entirely. As [Defendant] explained in its motion to compel, Plaintiffs' counsel's curation of global copy-paste answers on behalf of their clients means that, '[i]f Plaintiffs would have otherwise answered differently" – and truthfully – "we will never know.' Doc. 121 at 18. Particularly given that none of the 'options' repeated by Plaintiffs in Exhibit 28 appear to offer Plaintiffs the choice to say that their aircraft is in safe condition and exhibits few or no paint 'cracks.'

(Doc. 173, at 14.)

Defendant also establishes that the document at issue is not a protected communication.

> First, Exhibit 28 is not a communication from counsel rendering legal advice or a communication from Plaintiffs providing information to their counsel to facilitate legal advice. Kan. Stat. Ann. § 60-426(c)(2) (defining 'communication'); *see* **Williams v. KOPCO, Inc.**, 162 F.R.D. 670, 674 (D. Kan. 1995) (no privilege where information was 'not a 'communication''). Exhibit 28 is not a communication at all. It is not, for instance, an email from Plaintiffs' counsel advising them how to respond to discovery. There is a marked difference between an email from an attorney to a client about the case and testimony from the client describing their aircraft in a manner that is

4

> easily discernible as having been coached.  It was therefore accurate to say that Exhibit 28 'retained a highlighted menu of multiple-choice options that Plaintiffs' counsel appears to have inserted to guide Plaintiffs to preferred answer,' and also accurate to say that in adopting their counsel's coaching wholesale, Plaintiffs provided 'copy-paste answers' that are not themselves attorney-client communications.

(Doc. 173, at 15.)  Defendant asserts that the document at issue does not "contain legal advice or mental impressions – it is just a canned interrogatory response made by Plaintiffs … ."  (*Id*, at 16.)

Further, Defendant argues that the document is not protected work product because it is indistinguishable from "the hundreds of other discovery responses" Plaintiffs submitted to Defendant.  (*Id*.)  Defendant contends that if it was required to return the discovery response that contained the canned, boilerplate interrogatory response in its entirety, then it "would have had to return more or less every response it has received to date."  (*Id*., at 17.)  The Court agrees.  That stated, it is undisputed that Defendant did destroy the document at the request of Plaintiffs' counsel.

Finally, the Court finds that striking the portions of Defendant's motion would not have any impact on the Court's ruling on Defendant's underlying motion to compel or dismiss (Doc. 120).  Had this information been stricken from Defendant's briefing in support of that motion (Docs. 121, 158), the Court would have reached the same conclusion.  For the foregoing reasons, the Court **DENIES**

5

Plaintiff's motion (Doc. 163).

**IT IS ORDERED THAT** Plaintiff's Motion (Doc. 163 ) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of August, 2023.

/S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge