IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ZONE FIVE, LLC, ET AL.,**

      **Plaintiffs,**

v.                                                                   Case No. 20-1059-DDC-BGS

**TEXTRON AVIATION, INC.,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiffs filed a Stipulation of Dismissal (Doc. 178) on August 11, 2023, dismissing claims by 56 plaintiffs under Fed. R. Civ. P. 41. Later, plaintiffs realized the Stipulation of Dismissal (Doc. 178) inadvertently dismissed the claims asserted by plaintiffs Henry Burch and Blaze Aviation, Inc. for *both* Aircraft N112L and Aircraft N240LF. Doc. 189. Plaintiffs only intended to dismiss the plaintiffs' claims for Aircraft N112L, while maintaining their claims based on Aircraft N240LF. *Id.* Asking to remedy this mistake, plaintiffs filed a Motion to Withdraw the Stipulation (Doc. 189) on August 21, 2023. Plaintiffs also filed a new Stipulation of Dismissal (Doc. 190) under Fed. R. Civ. P. 41(a)(1)(ii), noting Mr. Burch and Blaze Aviation's intent to "remain Plaintiffs in pursuit of their claims regarding Aircraft N240LF." Doc 190 at 3.

But plaintiffs cannot dismiss one claim while maintaining another under Fed. R. Civ. P. 41(a)(1)(ii). Thus, the court construes plaintiffs' Motion to Withdraw the Stipulation (Doc. 189) as a Motion to Amend plaintiffs' Amended Complaint (Doc. 168) and omit Mr. Burch and Blaze Aviation's claims as they apply to Aircraft N112L.

**I.      Legal Standard**

Fed. R. Civ. P. 41(a)(1)(ii) "speaks to dismissal of an action, not just a claim within an action." *Gobbo Farms & Orchards v. Poole Chem. Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996); *Davis v. Hostess Brands, LLC*, No. 22-2131-DDC-ADM, 2022 WL 2104230, at *1 (D. Kan. June 10, 2022). Indeed, Fed. R. Civ. P. 41(a)(1)(ii) "permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed." *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 WL 881575, n.4 (10th Cir. Mar. 25, 2022).

Stipulations are admissions which "'cannot be disregarded or set aside at will.'" *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir. 1991) (quoting *Lyles v. American Hoist & Derrick Co.*, 614 F.2d 691, 694 (10th Cir. 1980)). "Stipulations are not absolute, however, and may be withdrawn whenever necessary to prevent manifest injustice." *Id.* at 1098 (citing *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980)). "The Court has broad discretion to determine whether to set aside a stipulation." *Pyles v. Boeing Co.*, 187 F. Supp. 2d 1311, 1316 (D. Kan. 2002) (citing *Wheeler*, 935 F.2d at 1098).

The court has addressed this stipulation dismissal predicament before and has crafted a "pragmatic and efficient solution." *Ashford v. Nebraska Furniture Mart, Inc.*, No. 17-cv-02097-DDC-GLR, 2017 WL 1332706, at *2 (D. Kan. Apr. 11, 2017). Previously, the court has exercised its discretion to construe plaintiff's errant Fed. R. Civ. P. 41 motion to dismiss instead as a Fed. R. Civ. P. 15 motion to amend plaintiff's complaint. *Id.* And Fed. R. Civ. P. 15(a)(2) provides that the "court should feely give leave when justice so requires." So, in *Ashford*, the court then granted plaintiff's construed request to amend and permitted plaintiff to amend the complaint to omit certain claims against defendants. *Id.; see also Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 710, n.5 (10th Cir. 2016) (affirming district court's decision

to convert a Fed. R. Civ. P. 41 stipulation to dismiss into a Fed. R. Civ. P. 15 motion to leave to amend when plaintiff sought to dismiss some claims and retain others).

Once the court clerk files a stipulation to dismiss, a court may lack jurisdiction to rule on a subsequent motion pertaining to the dismissed claims. *De Leon v. Marcos*, 659 F.3d 1276, 1284 (10th Cir. 2011). But under a limited exception, a court has jurisdiction to "reopen[] and set[] aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b)." *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (internal brackets omitted). Fed. R. Civ. P. 60(b) provides that the "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . or any other reason that justifies relief."

The court will duplicate this solution in the present case.

**II.     Analysis**

Plaintiffs allege that they inadvertently dismissed both of Mr. Burch and Blaze Aviation's claims when they only intended to dismiss one. It seems unjust that Mr. Burch and Blaze Aviation would forfeit one of their claims by mistake. This satisfies Fed. R. Civ. P. 15's permissive standard to "freely give leave" to amend the complaint. Thus, the court in its discretion, elects to construe plaintiffs' Motion to Withdraw Stipulation (Doc. 189) as a Fed. R. Civ. P. 15 Motion to Amend its Amended Complaint (Doc. 168). The court grants the request to amend. Plaintiffs may eliminate Mr. Burch and Blaze Aviation's claims based on Aircraft N112L by filing an amended complaint within 14 days of the date of this Order. Claims pertaining to Aircraft N240LF may remain in the Amended Complaint.

The court has jurisdiction to issue this Order because Fed. R. Civ. P. 60(b) permits a court to reopen and set aside a judgment of dismissal resulting from inadvertent filings. And

plaintiffs request relief from the inadvertently filed Stipulation of Dismissal (Doc. 178). Although plaintiffs' Stipulation to Dismiss (Doc. 178) is already filed, this court has jurisdiction because plaintiffs' Motion to Withdraw the Stipulation (Doc. 189) squarely fits within Fed. R. Civ. P. 60(b)'s limited exception. *Smith*, 881 F.2d at 904.

**IT IS THEREFORE ORDERED THAT** the court construes the plaintiffs' Motion to Withdraw Stipulation (Doc. 189) as a Motion to Amend the Amended Complaint.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs' request to amend its Amended Complaint (Doc. 168) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs may eliminate Mr. Burch and Blaze Aviation's claims as they apply to Aircraft N112L by filing an amended complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

**Dated this 1st day of September, 2023, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**