**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ZONE FIVE, LLC, *et al.*,

                Plaintiffs,

v.                                                                                          Case No. 20-1059-DDC-KGG

TEXTRON AVIATION, INC.,

                Defendant.

**MEMORANDUM & ORDER DENYING MOTION TO RECONSIDER**

Now before the Court is the "Motion for Reconsideration of Court's Order Dated August 18, 2023[,] Denying Plaintiffs' Motion to Compel and for Protective Order" (hereinafter "current motion") filed by Plaintiffs Quality Protection, Inc. and Wayne Lewis (hereinafter "Plaintiffs"). (Doc. 196.) The Court has reviewed Plaintiffs' motion and Defendant's response. No reply was filed by Plaintiffs and the time to do so has expired, making this motion ripe for consideration. For the reasons set forth herein, Plaintiffs' motion is **DENIED**.

**FACTUAL BACKGROUND**

**I.      General Background.**

The factual background of this case has been summarized numerous times by the Court, including recent summaries in the Court's Orders on Plaintiffs' Motion to Modify the Scheduling Order (Doc. 160) and Motion for Leave to File Fourth Amended Complaint (Doc. 161). Those factual summaries are incorporated herein by reference.

Briefly, the subject of this lawsuit is the Cessna TTx (hereinafter "Aircraft") – a single engine, fixed-gear, general aviation aircraft – that was purchased by hundreds of Plaintiffs. (Doc. 63, at 45-46.) Defendant designed and manufactured the Cessna TTx. (*Id.*, at 160.) Each Plaintiffs' Cessna TTx Aircraft allegedly suffered cracks, to varying degree, in and around the windows, windscreen,

1

and pilot and passenger handles, and through the window glass. (*Id.*, at 161.) At times, this cracking allegedly caused complete failures of this airplane. (*Id.*)

The case, which is not being litigated as a class action, involves more than 700 individual Plaintiff-owners of Cessna aircraft who are seeking damages for alleged defects in their aircraft. Plaintiffs have brought eight claims against Defendant – (1) breach of implied warranty, (2) breach of express warranty, (3) fraud, (4) negligent misrepresentation, 5) strict liability in manufacturing, (6) strict liability in design, (7) negligence in manufacturing, (8) negligence in design, and (9) deceptive trade practices. (Doc. 168, Fourth Amended Complaint.)

## II. Underlying Motion (Doc. 163).

Plaintiffs previously filed their "Motion to Compel Defendant Textron to Return Inadvertently Produced Attorney-Client Communications and Work Product; and all Plaintiffs' Motion for a Protective Order to Prohibit Defendant Textron from Further Disclosure of Privileged Material" (Doc. 163, hereinafter "underlying motion") on July 21, 2023. The material Plaintiffs alleged is privileged "consists of draft responses to interrogatories prepared by counsel (including highlighting and optional language) and sent to their clients." (*Id.*, at 2.) According to Plaintiffs, their counsel "inadvertently served the draft response which included the communications sent to their clients Quality Protection Inc. and Wayne Lewis to Textron." (*Id.*)

In the underlying motion, Plaintiffs contended that after the inadvertent production, they "were not aware of the error until Defendant filed it on the public docket in support of its Motion to Compel Discovery and Dismiss for Failure to Make Discovery." (*Id.*, at 1 (referencing Docs. 120, 121).) Plaintiffs requested Defendant be compelled to return the allegedly privileged document and asked that the documents containing the allegedly privileged material "be removed and replaced on the public docket, that the Court enter an Order striking the portions of Defendant's motion which are derivative of the privileged material, and an Order enforcing the Protective Order agreed to in

2

this matter."[1]  (*Id.*, at 1.)  Defendant responded that the material consisted of "witness-coached" testimony that is "neither privileged nor work product," that Defendant complied with the Protective Order in this case, and that Plaintiffs' "goal is to delay consequences for their own violations."  (*See generally* Doc. 173.)

## II.     Court's Prior Order (Doc. 185).

In denying the underlying motion, the Court noted Defendant's assertion that almost 500 interrogatory responses used virtually verbatim, canned language.  (Doc. 185, at 3 (citing Doc. 173, at 13).)  The Court found it "undeniable that the language was 'cut & pasted' boilerplate," and therefore appropriate for Defendant to be allowed to attack the appropriateness of the discovery responses. (*Id.*)

The Court was also persuaded by Defendant's discussion of the importance of receiving original responses from each individual Plaintiff in this case.  Defendant contended that

> [i]n a one-claimant case, a coached interrogatory response would not be proper, but it would also be smoked out in a deposition.  But this case involves over 700 Plaintiffs.  While [Defendant] could depose all 700-plus Plaintiffs, that would be an extremely inefficient use of the parties' time and resources.  As such, the interrogatory responses are an essential tool in a case with this many parties; they are not to be taken lightly or dismissed entirely.  As [Defendant] explained in its motion to compel, Plaintiffs' counsel's curation of global copy-paste answers on behalf of their clients means that, '[i]f Plaintiffs would have otherwise answered differently" – and truthfully – "we will never know.'  Doc. 121 at 18. Particularly given that none of the 'options' repeated by Plaintiffs in Exhibit 28 appear to offer Plaintiffs the choice to say that their aircraft is in safe condition and exhibits few or no paint 'cracks.'

(Doc. 173, at 14.)

The Court also agreed with Defendant's assertion that the document at issue is not a protected communication.  Defendant argued:

> [f]irst, Exhibit 28 is not a communication from counsel rendering legal

---

[1] The information at issue is contained in an exhibit in support of Defendant's motion to compel and dismiss (Doc. 121-1, at 296-97), Defendant's brief in support of the motion (Doc. 121, at 21-22), and the Court's Order granting that motion (Doc. 180, at 24-25.)

3

> advice or a communication from Plaintiffs providing information to their counsel to facilitate legal advice. Kan. Stat. Ann. § 60-426(c)(2) (defining 'communication'); *see* **Williams v. KOPCO, Inc.**, 162 F.R.D. 670, 674 (D. Kan. 1995) (no privilege where information was 'not a 'communication''). Exhibit 28 is not a communication at all. It is not, for instance, an email from Plaintiffs' counsel advising them how to respond to discovery. There is a marked difference between an email from an attorney to a client about the case and testimony from the client describing their aircraft in a manner that is easily discernible as having been coached. It was therefore accurate to say that Exhibit 28 'retained a highlighted menu of multiple-choice options that Plaintiffs' counsel appears to have inserted to guide Plaintiffs to preferred answer,' and also accurate to say that in adopting their counsel's coaching wholesale, Plaintiffs provided 'copy-paste answers' that are not themselves attorney-client communications.

(Doc. 173, at 15.)

The Court agreed with Defendant that the material at issue does not contain legal advice or mental impressions, but rather "is just a canned interrogatory response made by Plaintiffs … ." (Doc. 185, at 5 (citing Doc. 173, at 16).) Additionally, the Court agreed with Defendant that if it was required to return the discovery response that contained the canned, boilerplate interrogatory response in its entirety, then it "would have had to return more or less every response it has received to date." (*Id.*, (citing Doc. 173, at 17).) Finally, the Court indicated that it would have reached the same conclusion even if this material had been stricken from Defendant's motion. (*Id.*)

### III.     Plaintiffs' Motion to Reconsider (Doc. 196).

Plaintiffs now file their current motion (Doc. 196), asking the Court to reconsider its prior ruling denying the motion to compel and for protective order. Plaintiffs argue that the Court's prior order should be reconsidered to correct clear error and prevent manifest injustice. (*See generally id.*)

## ANALYSIS

### I.     Standards for Motions to Reconsider.

District of Kansas Local Rule 7.3(b) governs motions to reconsider and states, in relevant part, that such a motion "[must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." The

4

Tenth Circuit, and subsequently this District, has held that "[r]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original ... motion was briefed' is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted), (affirming District Court's denial of motion to reconsider decision on summary judgment motion), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).  Stated another way, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Eastman v. Coffeyville Resources Refining & Marketing, LLC*, No. 10–1216, 2011 WL 972487, at *1 (D. Kan. March 16, 2011) (quoting *Cline v. S. Star Cent. Gas Pipeline*, 370 F.Supp.2d 1130, 1132 (D. Kan. 2005)).  "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." *In re Motor Fuel Temp. Sales Practices Lit.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010) (citing *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.1994), *aff'd*, 43 F.3d 1484 (10th Cir.1994)).

As noted above, Plaintiffs argue that reconsideration is necessary because the "finding of no attorney-client privilege was erroneous and it is manifestly unjust to deprive Plaintiffs of … [the] privilege." (Doc. 196, at 5.)  For the reasons discussed below, the Court does not agree.[2]

As an initial matter, Defendant argues that because Plaintiffs did not file a reply brief in support of their motion (following Defendant's responsive brief in opposition to the motion), Plaintiffs are foreclosed from raising arguments herein that could have been raised in a reply.  (Doc. 198, at 10.)  It is established in this District that "[t]he court will not grant reconsideration based on 'new arguments or supporting facts that could have been presented originally.'" *Fish v. Kobach*, No.

---

[2] The prior Order (Doc. 185) was entered by Magistrate Judge Kenneth Gale on August 18, 2023 – the day Judge Gale retired.  Thereafter, the case was reassigned to the undersigned Magistrate Judge Severson.  As a result, the undersigned is in the unusual position of "reconsidering" an Order of another Magistrate Judge.

16-2105-JAR-JPO, 2017 WL 2861668, at *2 (D. Kan. July 5, 2017) (quoting *In re Motor Fuel*, 707 F. Supp. 2d at 1166).  While the Court sees the merit of Defendant's argument, this motion will be decided on substantive grounds rather than technical or procedural ones.

That stated, the Court finds that there was neither clear error nor manifest injustice in the prior Order wherein it was determined that the document at issue was not attorney-client communication and did not warrant the protections of the work product doctrine.  Within this framework, the Court will address both the attorney-client privilege and the work product doctrine as they relate to the document at issue.

## II.     The Document is Not Protected Attorney-Client Communication.

Plaintiffs argue that the Court incorrectly held, or inferred, that the document had to be "contained within a letter or an email" to constitute communication between an attorney and client. (Doc. 196, at 8.)  Nowhere in the Court's prior Order was such a conclusion set forth.  What the Court <u>did</u> state was its agreement with Defendant that the document at issue does not "contain legal advice or mental impressions – it is just a canned interrogatory response made by Plaintiffs … ." (Doc. 185, at 5 (citing Doc. 173, at 16).)  The determining factor for the Court was the <u>lack of legal advice or attorney mental impressions</u> – not whether the document was a letter or email from counsel.

Plaintiffs next contend that considering the document at issue to be "coached testimony" is "unsupported" beyond Defendant's "uninformed interpretation of a document for which it has no other context or associated evidence."  (Doc. 196, at 8-9.)  The Court finds that the document speaks for itself – it is coached testimony.  Regardless of how many other Plaintiffs received the same canned interrogatory response from counsel – whether there were no other such Plaintiffs or, as Defendant indicates, hundreds – the document <u>clearly</u> consists of pre-written interrogatory responses that are specifically separated by the language "Optional AND" or "Optional AND/OR."  (Doc. 196, at 2 (referencing Doc. 121-1, at 297).)  The Court did not need to rely on Defendant's

6

interpretation of the document. Common sense indicates the nature of the document. Because the document is not attorney-client communication, the Court's prior Order resulted in neither clear error nor manifest injustice.

**III.     The Document Should Not Be Afforded Work Product Protection.**

Plaintiffs next argue that the document "contains material created by Plaintiffs' counsel for their clients in the course of preparing discovery responses," thus making it attorney work product. (Doc. 196, at 11.) According to Plaintiffs, "there is no evidence to support" Defendant's "unsubstantiated accusation" that the purpose of the document at issue was "'to guide Plaintiffs to preferred [interrogatory] answer[s].'" (*Id.*, at 12-13 (quoting Docs. 173, at 11 and 185, at 5).) Plaintiffs continue that they,

> do not dispute that there are portions of Exhibit 28 which mirror responses of other Plaintiffs. But that is not the portion at issue which renders Exhibit 28 work-product. Plaintiffs refer the Court to the copy-pasted text block on page 2 of this motion which is the portion of Exhibit 28 at issue. The fact that Exhibit 28 includes other content which may have remained though finalization, does not eviscerate the privilege and protection afforded the document by the highlighted language. The highlighted language with 'optional' information to include (the word 'optional' is included 5 times in the text at issue) clearly demonstrates that Exhibit 28 was a draft exchanged between counsel and client intended to remain privileged.

(*Id.*, at 13.) This reasoning runs contrary to Plaintiffs' argument.

The "optional" language does not prove that the document is work product, as Plaintiffs argue. Rather, the "optional language" proves that the document was intended to guide Plaintiffs to a certain discovery response. Further, because the responses were pre-determined by Plaintiffs' counsel, there is a significant concern that the responses may not have been factually representative of each Plaintiff's experience, but instead were specifically molded by counsel to fit their theory of the case.

Further, Plaintiffs are incorrect in stating that "there is no evidence to support" Defendant's "unsubstantiated accusation" that the purpose of the document at issue was "'to guide Plaintiffs to

7

preferred [interrogatory] answer[s].'" (Doc. 196, at 12-13 (quoting Docs. 173, at 11 and 185, at 5).) Plaintiffs' counsel goes so far as to refer to the information as a "template" provided by Plaintiffs' counsel for this very purpose. (Doc. 155, at 13.) Clearly this template document was provided to Plaintiffs to guide them to counsel's preferred discovery answers. There was no clear error or manifest injustice in the prior determination that the document did not warrant the protections of the work product doctrine.

Plaintiffs' arguments for reconsideration are unpersuasive. As such, the motion (Doc. 196) is **DENIED**.

**IT IS ORDERED THAT** Plaintiffs' Motion (Doc. 196 ) is **DENIED**.

Dated at Wichita, Kansas, on this 20th day of September, 2023.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

8